SYLVESTER ALLEN *et al. versus* DANIEL WELLS
*et al.*

The separate property of each member of a copartnership is liable to be attached for the debts due from the copartnership ; and having been thus attached, the lien ac-quired is not to be defeated by a subsequent attachment by his separate creditor, or by an assignment under *St.* 1836, *c.* 238. *Aliter* in the case of an assignment under *St.* 1838, *c.* 163.

ASSUMPSIT. The declaration sets forth, that on the 1st of May, 1837, Francis A. Birge and Alanson Clark, then for-merly partners under the firm of F. A. Birge & Co., which partnership had long before that time been dissolved, were in-debted to the plaintiffs in the sum of $ 332·94, for breach of promises entered into by them during the partnership ; that on that day the plaintiffs brought an action therefor against Birge and Clark, and attached real estate of Clark, more than suffi-cient to satisfy the debt and costs ; that after the attachment, Clark made a general assignment of his property to the de-fendants in trust for the payment of such of his creditors as might become parties to the deed of assignment, under the *St.* 1836, *c.* 238 ; that during all the time above mentioned, Clark and Birge were insolvent, and Clark had not property sufficient to pay the debts which he owed singly, exclusive of the debts which he owed jointly, or jointly and severally, in connexion with Birge ; that the plaintiffs recovered judgment against Clark and Birge, for $ 332·94 and costs, and that execution was is-sued thereon ; and that in consideration of the plaintiffs for-bearing to levy on the estate attached, and suffering the defend-ants to hold it discharged of the attachment, the defendants promised to pay the plaintiffs the amount of their execution, with interest, on demand, provided that by law the attachment, and a levy made in pursuance of it, would have been entitled to precedence as against the claims of private creditors of Clark by virtue of any attachment or assignment made subsequently to the plaintiffs' attachment : and the plaintiffs aver, that by law their attachment had such precedence.

The defendants filed a general demurrer.

*Wells*, for the defendants, said that the action was resisted on the ground that partnership property is in the first instance a

fund to pay partnership debts, and the private property of an individual partner, a fund to pay his private debts ; and that an attachment of the private property by a partnership creditor is not valid against a subsequent attachment of the same property by a private creditor. 1 Cooke on Bankr. Law, (8th ed.) 521 ; 2 Christian on Bankr. Law, 82 ; *Twiss* v. *Massey*, 1 Atk. 67 ; *Murray* v. *Murray*, 5 Johns. Ch. R. 72 ; *Egberts* v. *Wood*, 3 Paige, 517 ; *M'Culloh* v. *Dashiell*, 1 Har. & Gill, 96 ; *Ex parte Emly*, 1 Rose, 64 ; *Waters* v. *Taylor*, 2 Ves. & Beames, 301 ; *Pierce* v. *Jackson*, 6 Mass. R. 242 ; *Lord* v. *Baldwin*, 6 Pick. 348 ; *St.* 1838, *c.* 163.

*Alvord*, contrà, cited *Newman* v. *Bagley & Tr.* 16 Pick. 570 ; 2 Christian on Bankr. Law, 34 ; *St.* 6 *Geo.* 4, *c.* 16, § 62 ; *Cowell* v. *Sikes*, 2 Russell, 191 ; *Devaynes* v. *Noble*, 1 Meriv. 529 ; 1 Story on Eq. 625, 626 ; *Wilkinson* v. *Henderson*, 1 Mylne & Keen, 582 ; *Sperry's Estate*, 1 Ashmead, (Penn.) 347 ; *Tuckers* v. *Oxley*, 5 Cranch, 34 ; Collyer on Partn. (Phillip's ed.) 527

The opinion of the Court was drawn up by

DEWEY J. The plaintiffs, by their attachment of the property of Alanson Clark, one of the members of the copartnership of F. A. Birge & Co., claim to have acquired such a lien upon certain real estate of Clark as subjected it to be seized on an execution for a debt due them from the firm of F. A. Birge & Co. ; and if such lien existed at the time the plaintiffs were about to levy their execution on the estate thus attached, the plaintiffs will be entitled to recover in the present action.

The defendants insist that this lien was discharged by an assignment made by Clark, of all his property in trust for his creditors, under the provisions of the statute of 1836, *c.* 238, which assignment was made after the attachment by the plaintiffs on their original suit, but before the issuing of their execution.

As by the provisions of the statute authorizing this assignment, all the creditors of Clark who had not already instituted suits, were prevented from so doing after the execution of the assignment, it would seem that the rights of any creditor claiming by priority, as a separate creditor, to hold the separate estate of Clark as a fund first to be applied to the payment of

Allen
*v.*
Wells.

his separate creditors, might be properly insisted upon by the assignees in his behalf, and upon the same grounds as though a suit had been instituted by such separate creditor and the same property had been attached by him as had been previously attached in the suit of the present plaintiffs, as creditors of Birge & Co.

The question then arises, whether by the law of this Commonwealth an attachment of the private estate of one of several copartners for a debt due from the copartnership, is valid as against an after attachment of the same estate by a separate creditor of the same copartner.

This point was supposed to have been settled by the decision of this Court in the case of *Newman* v. *Bagley & Tr.* 16 Pick. 570, but the counsel for the defendants being desirous of a reëxamination of this question, we have been disposed considering the practical importance of the question under consideration, to revise that opinion, with the aid of the very full and elaborate arguments of the counsel in the present case.

The conflicting claims of copartnership and separate creditors have been a fruitful source of litigation in England. The questions more usually have arisen under the bankrupt law, and the decisions are mostly to be found in the Chancery Reports, but not exclusively so. The great number of cases in which this question has arisen, shows very clearly that there could have been at the time no very well defined general principles known and acknowledged as such, applicable to the adjustment of these conflicting rights. Even as regards the joint property of partners, the rule has varied. By the rules of law as formerly held in England, the sheriff, under an execution against one of two copartners, took the partnership effects and sold the moiety of the debtor, treating the property as if owned by tenants in common. *Heydon* v. *Heydon*, 1 Salk. 392.; *Jacky* v. *Butler*, 2 Ld. Raym. 871. But the principle is now well settled in England, both at law and in equity, that a separate creditor can only take and sell the interest of the debtor in the partnership property, being his share upon a division of the surplus, after discharging all demands upon the copartnership *Fox* v. *Hanbury*, Cowp. 445 ; *Taylor* v. *Fields,* 4 Ves. 396 The same fluctuation in the rule as to partnership property, has

existed in the United States. The rule of selling the moiety of the separate debtor in the partnership property, on an execution, for his private debts, formerly prevailed in several of the States of the Union, but the later decisions have changed the rule, and that now more generally adopted is in accordance with the one prevailing in England, and which has been already mentioned. The State of Vermont still adheres to the doctrine, that partnership creditors have no priority over a creditor of one of the partners, as to the partnership effects. *Reed* v. *Shepardson*, 2 Vermont R. 120. The rule in Massachusetts, giving a priority to the partnership creditor in such cases, was settled in the case of *Pierce* v. *Jackson*, 6 Mass. R. 242, and has been uniformly followed since. The effect of the rule, that the only attachable interest of one of the copartners, by a separate creditor, was the surplus of the joint estate which might remain after discharging all joint demands upon it, necessarily was to create a preference in favor of the partnership creditors in the application of the partnership property, and this effect would be produced, although the original purpose of the rule might have been the securing the rights of the several copartners, as well as those of their joint creditors. Whatever may have been the object of the rule, the rule itself is now to be considered as well settled, as to the appropriation of partnership effects.

The defendants allege, that by law a similar priority exists in favor of a creditor of one member of a copartnership, as to the separate property of his debtor. Upon this point there has been not only a direct contrariety in the decisions as to the principle itself, but even where the principle has been admitted, various exceptions have been engrafted upon the rule.

The more ancient doctrine, as established by Lord *Hardwicke*, was, that separate creditors had a prior claim upon the separate estate. This principle was controverted by Lord *Thurlow*, who allowed joint creditors to take their dividends upon the separate estate of the partners. In the time of Lord *Loughborough*, the doctrine was again asserted, that the separate estate was first to be applied to the separate debts. Such has been the state of this question in the English courts, as declared by Lord *Eldon*, in *Ex parte Clay*, 6 Ves. 813. The

Allen
*v.*
Wells.

want of uniformity in the application of the rule, as well as serious doubts in his own mind as to its utility, are plainly suggested by Lord *Eldon* in *Dutton* v. *Morrison*, 17 Ves. 205. In the case *Ex parte Elton*, 3 Ves. 238, which is usually relied upon as having reëstablished the rule in England making the separate property first applicable to the payment of the separate debts, it seems to be admitted that a joint creditor who sues out the commission of bankruptcy against a separate debtor, is entitled to share ratably with the separate creditors in the distribution of the separate property. Subsequent English cases more explicitly state the rule of distribution to be, that of priority in favor of the separate creditors in the application of the separate estates. Such was the doctrine there, as was declared by Chancellor *Kent* in the opinion pronounced by him in *Murray* v. *Murray*, 5 Johns. Ch. R. 60, where the leading English cases up to that period (1821) were fully considered by him.

But it will be found somewhat difficult to reconcile all the English cases, and to maintain that since the time of Lord *Loughborough* to the present day there has been no departure in principle from the rule adopted by him. The learned American commentator on equity jurisprudence, in noticing some of the later decisions, remarks, "that if the true doctrine be that avowed by Sir *William Grant* in the case of *Devaynes* v. *Noble*, 1 Meriv. 529, and afterwards affirmed by Lord *Brougham*, 2 Russell & Mylne, 494, that a partnership contract is several as well as joint ; then there seems no ground to make any difference whatsoever in any case between joint and several creditors as to payment out of joint or separate assets." 1 Story on Equity, 626, *in notis*. I am not to be under stood as suggesting that Mr. Justice *Story* doubts the existence of the rule in equity, that separate creditors are entitled to be first paid out of the separate estate. On the contrary he distinctly affirms it. This principle has been directly recognized also in the cases of *Wilder* v. *Keeler*, 3 Paige, 167 ; *Egberts* v *Wood*, 3 Paige, 518 ; *Hall* v. *Hall*, 2 M'Cord's Ch. R. 302 ; *Woddrop* v. *Ward*, 3 Desaus. 203 ; *Tunno* v. *Trezevant*, 2 Desaus. 270.

As authorities prescribing a rule to govern a court of equity

in the distribution of the assets of an insolvent estate, these decisions would be entitled to much consideration. But it is to be remarked, that no cases from any of the States of the Union have been cited, where the question has arisen in a court of law between different attaching creditors, and where an attachment or lien of a joint creditor upon the separate property of one of the partners, has been postponed or superseded by one subsequently made by a separate creditor of the same partner. The better opinion would seem to be, that it is in a court of equity only, that the joint creditor can be restrained from proceeding against the separate estate. Such was the opinion of the late Chief Justice *Marshall*, as stated in the case of *Tuckers* v. *Oxley*, 5 Cranch, 35. So also in *M'Culloh* v. *Dashiell*, 1 Har. & Gill, 96, it was said that at law the joint creditors may pursue both the joint and separate estates, unless restrained by a court of equity. The same doctrine seems to be asserted by Mr. Justice *Story*, in his Commentaries on Equity, *Vol.* 1, *p.* 625, where he says, " the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor, before the partnership creditors can claim any thing; which can only be accomplished by the aid of a court of equity ; for at law, a joint creditor may proceed directly against the separate estate."

It is urged however on the part of the defendants, that as this Court, as a court of law, have long since recognized the principle, that an attachment of the goods of a partnership by a creditor of one of the partners is not valid as against an after attachment by a partnership creditor, it should also adopt the converse of the proposition, giving a like preference to separate creditors in respect to the separate property. But we think that there is a manifest distinction in the two cases. The restriction upon separate creditors as to the partnership property, arises not merely from the nature of the debt attempted to be secured, but also from the situation of the property proposed to be attached. In such a case a distinct moiety or other proportion, in certain specific articles of the partnership property, cannot be taken and sold, as one partner has no distinct separate property in the partnership effects. His interest embraces only what remains upon the final adjustment of the

Allen
*v.*
Wells.

Allen
*v.*
Wells.

partnership concerns.    But on the other hand, a debt due from the copartnership, is the debt of each member of the firm, and every individual member is liable to pay the whole amount of the same to the creditor of the firm.   In the case of the copartnership, the interest of the debtor is not the right to any specific property, but to a residuum which is uncertain and contingent, while the interest of one partner in his individual property is that of a present absolute interest in the specific property.    Each separate member of the copartnership being thus liable for all debts due from the copartnership, and no objection arising from any interference with the rights of others as joint owners, it seems necessarily to follow, that his separate property may be well adjudged to be liable to be attached and held to secure a debt due from the copartnership.

Upon a full consideration of the question arising in the present case, the Court are of opinion, that the rule at law was correctly stated in the case of *Newman* v. *Bagley*, and that the separate property of each member of a copartnership is liable to be attached for the debts due from the copartnership, and having been thus attached, the lien thus acquired is not to be defeated by a subsequent attachment by a separate creditor, or by an assignment under the statute of 1836, *c.* 238.

This opinion is to be understood as confined to an assignment under the provisions of the statute just cited.

The recent statute enacted for the relief of insolvent debtors, *St.* 1838, *c.* 163, has materially affected the lien acquired by attachment, and has in terms adopted as the rules for distributing the effects of insolvent debtors, that the net proceeds of the joint property shall be appropriated to pay the joint creditors, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors.

*Judgment for the plaintiff.*