## MEECH and another v. ALLEN.

Equity will not supersede the legal priority of lien of a judgment for a partnership debt rendered after the death of one partner, upon the real estate of the survivor, held in his individual right, in favor of a junior judgment against such survivor for his individual debt, though there is no other property to satisfy the latter judgment, and sufficient estate of the deceased partner to satisfy the judgment of the partnership creditor.

It must appear that the estate of the deceased partner is bound in equity to relieve that of the survivor, before a creditor having a right to resort to both can be required by a separate creditor of the survivor to resort first to the estate of the deceased partner.

APPEAL from the Supreme Court. The complaint averred these facts: In May, 1847, the plaintiffs recovered a judgment against one Taylor, upon his sole and individual indebtedness, for $8,650.65, which was duly docketed and became a lien upon his real estate. In 1848, Taylor died, seized of real estate in his own individual right, upon which said judgment was a lien. Taylor and one Hiram Pratt, who died in May, 1840, were, in their lifetime, partners in the business of common carriers upon the Erie canal and the great lakes. A demand arose against them as such partners

Meech *v.* Allen.

which was in litigation when Pratt died, and upon which a judgment was recovered in the Supreme Court, and duly docketed, on the 13th May, 1842, against Taylor, as survivor of himself and Pratt, for $9,990.05; which judgment was assigned to and became the property of the defendant Allen after the death of Taylor and the recovery of the plaintiffs' judgment. In April, 1850, executions were issued upon both of the above described judgments to the sheriff of Erie, who, in virtue thereof, on the 4th of June, 1850, sold certain parcels of the real estate in the city of Buffalo whereof Taylor died seized in his own right.

The plaintiffs attended at the sale, and gave notice to the defendant of the facts stated, claiming that their judgment was entitled to priority, and that the money raised by the sale should be applied first to its satisfaction. The defendant became the purchaser at the sale. There is no other individual property of Taylor out of which the plaintiffs can obtain satisfaction of their judgment except the land thus sold, and there is sufficient estate of Hiram Pratt, deceased, to satisfy the judgment of the defendant.

The complaint prayed that the land might be resold and the proceeds first applied to the payment of the plaintiffs' judgment, or that the defendant pay to them so much of the proceeds of the sale, already had, as would extinguish their judgment, with the costs of this action. The defendant demurred, and had judgment in his favor, which was, on appeal, affirmed by the Supreme Court, at general term in the eighth district; whereupon the plaintiffs appealed to this court.

*Solomon G. Havens,* for the appellant.

*Chauncey Tucker,* for the respondent.

SELDEN, J. It is a settled rule of equity that, as between the joint and separate creditors of partners, the partnership

property is to be first applied to the payment of the partner-
ship debts, and the separate property of the individual
partners to the payment of their separate debts; and that
neither class of creditors can claim anything from the fund
which belongs primarily to the opposite class until all the
claims of the latter are satisfied.  This, however, is a rule
which prevails in courts of equity in the distribution of
equitable assets only.  Those courts have never assumed to
exercise the power of setting aside or in any way interfering
with an absolute right of priority obtained at law.  In regard
to all such cases, the rule is *equitas sequitur legem.* ( 1 *Story
Eq. Jur.*, § 553.)

In *Wilder* v. *Keeler* (3 *Paige*, 171), Chancellor WALWORTH
says :  " Equitable rules are adopted by this court in the
administration of legal assets, *except so far* as the law has
given an absolute preference to one class of creditors over
another."  So, in the case of *Averill* v. *Loucks* (6 *Barb. S. C.
R.*, 470), PAIGE, P. J., says : " Courts of equity, in the
administration of assets, follow the rules of law in regard to
legal assets, and recognize and enforce *all antecedent liens*,
claims and charges existing upon the property, according to
their priorities."  This is also conceded in the case of *McCul-
loh* v. *Dashiell* (1 *Har. & Gil.*, 96), where the whole doc-
trine of the distribution in equity of the joint and separate
property of partners is very elaborately examined.  ARCHER,
J., by whom the opinion of the court was delivered, there
says : " At law, the joint creditors may pursue both the
joint and separate estate, to the extent of each, for the
satisfaction of their joint demands, which are at law con-
sidered joint and several, *without the possibility of the inter-
position of any restraining power of a court of equity.*"  But
especially must it be beyond the power of such courts to
interfere where an absolute right of legal priority is given
by force of a positive statute, as in case of a judgment.
Chancellor WALWORTH, in *Mower* v. *Kip* (6 *Paige*, 88),
says : " The rule of this court is to give effect to the lien of

Meech *v.* Allen.

a judgment upon a legal title, so far as it can be enforced by execution at law."

As there is no doubt that at law the judgment for a partnership debt attaches and becomes a lien upon the real estate of each of the partners, with the same effect as if such judgment were for the separate debt of such partner, it is obvious from the preceding authorities, that the theory upon which the complaint in this case was drawn is erroneous. The principle that the separate property of an individual partner is to be first applied to the payment of his separate debts, has, as we have seen, never been held to give priority as to such property to a subsequent judgment for an individual over a prior judgment for a partnership debt. It is true, that courts of equity will sometimes give to a mere equitable lien, which is prior in point of time, a preference over a subsequent judgment; but this will be done only where such prior lien is specific in its character, as in the case of *White* v. *Carpenter* ( 2 *Paige*, 219 ). The mere general equity of the separate creditors to have their debts first paid out of the individual property of the partners does not amount to a lien at all, much less a lien of the kind necessary to give it a preference over a judgment for a partnership debt.

The plaintiffs cannot under the averments in the complaint avail themselves of that principle of equity which enables a creditor having a lien upon one fund only, to compel a creditor who has a lien not merely on the same fund, but also upon another, to resort first to the latter to the end that both may be paid. If the complaint had averred that there was sufficient partnership property upon which the defendant's judgment was a lien, to satisfy such judgment it is possible that under the principle referred to the plaintiffs might have been entitled to some relief; and in that event it would not have been a valid objection to the complaint that it did not ask for the relief appropriate to the case. But the averment in the complaint is simply that there is

sufficient estate of the deceased partner, Hiram Pratt, to satisfy the defendant's judgment.

This averment brings the case directly within the doctrine laid down by Lord ELDON in *ex parte Kendall* (17 *Vesey*, 520.) He says : " If A. has a right to go upon two funds, and B. upon one, having both *the same debtor*, A. shall take payment from that fund to which he can resort exclusively, that by those means of distribution both may be paid. That takes place where both are creditors of *the same person;* and have demands against funds the property of the same person. But it was never said that if I have a demand against A. & B., a creditor of B. shall compel me to go against A. without more, as if B. himself could insist that A. ought to pay in the first instance as in the ordinary case of drawer and acceptor, or principal and surety, to the intent that all obligations arising out of these complicated relations may be satisfied. But if I have a demand against both, the creditors of B. have no right to compel me to seek payment from A., if not founded in some equity giving to B. the right for *his own sake* to compel me to seek payment from A."

The point has also been expressly decided in this state in the case of *Dorr* v. *Shaw* (4 *John. Ch. R.,* 17.) The only difference in principle between that case and this is that there it did not appear that the joint debtors were partners. This however is a difference which operates against the claim of the plaintiffs here. Where two individuals not partners are jointly indebted it might seem to be just to presume that each owed one-half the debt, and to that extent therefore there might be an equity in favor of the one owing an individual debt to have so much of the joint debt paid by his co-debtor. But in regard to partners it is now well settled upon an analogous question, that no such presumption can be indulged. Formerly a judgment creditor of one of two partners might levy his execution upon property belonging to the firm, and, upon the presumption that the interests of the partners were equal, might proceed to sell and appropri-

ate one-half the avails to the satisfaction of his debt. This however was long since overruled.

In the case of *Dutton* v. *Morrison* (17 *Vesey*, 193), Lord ELDON, in discussing this question, says: "It may be represented that the world cannot know what is the distinct interest of each (*i. e.*, each partner), and therefore it is better that the *apparent* interest of each should be considered as his actual interest. But courts of equity have long held otherwise." He then lays down the rule ever since acted upon, that the creditor in such a case must wait until the partnership accounts are settled before he can claim anything from the partnership property.

The principle here asserted by Lord ELDON is directly applicable to the present case. It is, that no inference can be safely drawn from the mere external relations of partners to the world as to the situation of their affairs *inter se*, and that in all judicial proceedings involving the latter an investigation is first to be made; and such is the variety and frequent complexity of partnership dealings that any other rule would obviously lead to gross injustice. It is impossible therefore in this case to assume, without any averments on the subject in the complaint that the estate of the deceased partner Pratt ought, in equity, to pay any portion of the defendant's judgment. Hence, upon the principles laid down by Lord ELDON, and universally acted upon by courts of equity, the complaint is clearly insufficient.

The judgment of the Supreme Court therefore should be affirmed with costs.

All the judges concurring,

Judgment affirmed.