In the Matter of the Judicial Settlement of the Estate of CHARLES B. GRAY, Deceased.

The right of a creditor of a firm to share in the estate of a deceased member of the firm in the hands of his administrator, where there is no joint estate and the surviving partner is insolvent, is governed by the rules by which courts of equity are guided in distributing the separate estate of an insolvent as between his separate creditors and those of a copartnership of which he was a member.

While, as a general rule in such cases, the separate creditors are entitled to be first paid, where a creditor at the time a debt is contracted for the benefit of the firm, requires therefor and receives the joint and several obligation of the copartners individually, it thereby becomes the several debt of each of them; the holder is entitled to the benefit of the security according to its terms, and has the right to prove it against the separate estate of the decedent, and to share equally with the other separate creditors in the distribution.

(Argued October 19, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December

14, 1886, reversing in part a decree of the surrogate of the county of Orange, upon settlement of the accounts of Lewis E. Carr, as administrator of the estate of Charles B. Gray, deceased. (Reported below, 42 Hun, 411.)

Upon the accounting Sarah B. Lockwood, who held a joint and several note, executed by the decedent, C. G. Lockwood and herself, payable to the order of H. H. Farnum, presented the same as a claim against the estate. It appeared that the makers, Gray and Lockwood, composed the firm of Gray & Lockwood; that the note was given for a loan made by said Farnum for the benefit of the firm; that said Sarah B. Lockwood signed it for the benefit and accommodation of the other makers and was compelled to take it up; that Lockwood, the surviving member of the firm, was insolvent, and there were no firm assets. There were not sufficient assets of the estate to pay the individual and the firm creditors. Mrs. Lockwood claimed the right to share equally with the individual creditors in the distribution. This the surrogate refused, holding that the claim was a firm debt and so must be deferred until the individual claims were paid in full. The appeal was from this portion of the decree.

*Lewis E. Carr* for appellant. The claimant is a creditor of the firm of Gray & Lockwood, as to her entire claim, and was entitled to such, and only such, remedy against the estate of Gray, one of the partners, as creditors of partnerships are entitled to against the separate estates of individual partners. (Edwards on Bills [3d ed.] §§ 722, 723, 764; *Corey* v. *White*, 3 Barb. 12, 16; *Dillenbeck* v. *Dygert*, 97 N. Y. 303, 307, 308; Lindley on Partnership [5th ed., Notes by Wentworth], 375; *Ganson* v. *Lathrop*, 25 Barb. 455; *Robinson* v. *Robinson*, 1 Lans. 117, 119; *McCarthy* v. *Fitts*, 20 Week. Dig. 225; *Wells* v. *Miller*, 66 N. Y. 255; *Kirby* v. *Carpenter*, 7 Barb. 373, 378; *Morgan* v. *Skidmore*, 3 Abb. N. C. 92, note 93, 94; *In re Gray*, 42 Hun, 411, 413.) The claimant may not have her claim paid out of the estate of Gray until his individual creditors have been paid in full. (3 Kent, marg. p. 65; *Payne*

v. *Mathews,* 6 Paige, 19, 20 ; *Jackson* v. *Connell,* 1 Sandf. Ch. 348, 350 ; *Wilder* v. *Keeler,* 3 Paige, 167, 171, 172 ; *Egbert* v. *Wood,* 3 id. 517, 527 ; *Meech* v. *Allen,* 17 N. Y. 300, 301 ; *Morgan* v. *Skidmore,* 3 Abb. N. C. 92 ; *McCulloch* v. *Dashield's Ad.,* 18 Am. Dec. 271, 281 ; *Stewart's Case,* 4 Abb. Pr. 408 ; 4 Brad. 254 ; *Kirby* v. *Carpenter,* 7 Barb. 373, 378 ; *Ganson* v. *Lathrop,* 25 id. 455 ; *Scott* v. *Guthrie,* 10 Bosw. 408, 416 ; *Wilson* v. *Robertson,* 21 N. Y. 587 ; *Menagh* v. *Whitwell,* 52 id. 146 ; *Hewitt* v. *Northrup,* 75 id. 506, 509 ; *In re Rieser,* 19 Hun, 202 ; 81 N. Y. 629 ; *Pope* v. *Cole,* 55 id. 124 ; *Richter* v. *Poppenhausen,* 42 id. 373.) The judgment, on the reference of Mrs Lockwood's claim, under the statute, did not prevent the application of this rule marshaling assets. First. Because the judgment does not profess to direct as to the manner of distribution of Gray's estate. Second. Because the referee and court there had no jurisdiction of the subject-matter of the distribution of the estate of Gray, or of the individual creditors to be affected by such a decree. (*Radley* v. *Fisher,* 24 How. 404 ; *Boyd* v. *Bigelow,* 14 id. 511 ; *Caro* v. *R. R. Co.,* 2 Civ. Pro. Rep. 371 ; *People ex rel. Banta* v. *Kent,* 58 How. 407 ; *Campbell* v. *Seaman,* 63 N. Y. 568, 586 ; *Kenney* v. *Apgar,* 93 id. 539, 548 ; *Roe* v. *Boyle,* 81 id. 305 ; *Mowrey* v. *Peet,* 88 id. 453, 456 ; *Young* v. *Cuddy,* 23 Hun, 249 ; Code of Civ. Pro. §§ 3333, 3334 ; *Hatch* v. *Stewart,* 42 Hun, 164 ; 3 R. S. [7th ed.] 2300, §§ 36, 37 ; *Woodley* v. *Bagley,* 13 Wend. 453 ; *Wilder* v. *Keeler,* 3 Paige, 167 ; Code of Civ. Pro. §§ 2729, 2730, 2742 ; *Weeks* v. *Weeks,* 16 Abb. N. C. 143 ; *McArthur* v. *Scott,* 113 U. S. 340 ; *People* v. *Sturtevant,* 9 N. Y. 263 ; *Elliott* v. *Piersol,* 1 Pet. 340 ; *Wilcox* v. *Jackson,* 13 id. 511 ; *State of R. I.* v. *State of Mass.,* 12 id. 718 ; *Thompson* v. *Taylor,* 71 N. Y. 217 ; *Burr* v. *Bigler,* 16 Abb. Pr. 177 ; *Brower* v. *Bowers,* 1 Abb. Ct. App. Dec. 219 ; *Case* v. *Reeves,* 14 Johns. 79 ; *Marsh* v. *Masterson,* 50 Sup. Ct. Rep. 187, 193 ; *Miller* v. *Manice,* 6 Hill, 114, 122 ; *Steinbach* v. *Ins. Co.,* 77 N. Y. 498, 501 ; *Barth* v. *Burt,* 17 Abb. Pr. 349 ; *Burdick* v. *Post,* 12 Barb.

168; *Campbell* v. *Consalus*, 25 N. Y. 613; *N. Y. & H. R. R. Co.* v. *Kyle*, 5 Bosw. 587; *Royce* v. *Burt*, 42 Barb. 655; *Rem. Paper Co.* v. *Dougherty*, 81 N. Y. 474; *Durant* v. *Abendroth*, 97 id. 132; *Lorillard* v. *Clyde*, 99 id. 196; *Westervelt* v. *Westervelt*, 46 Supr. Ct. Rep. 298; *Ferris* v. *Van Vechten*, 73 N. Y. 113; *Perry* v. *Dickinson*, 85 id. 345; *In re Hood*, 98 id. 363; *Pittman* v. *Johnson*, 35 Hun, 38; 15 Abb. N. C. 472; *Belden* v. *State*, 103 N. Y. 1; *Acker* v. *Leland*, 109 id. 519.)

*C. E. Cuddeback* for respondent. The administrator was trustee for all persons interested in the personal estate, whether creditors, legatees or distributees. (*Wager* v. *Wager*, 89 N. Y. 161; Redfield on Surrogates, 428; 2 R. S. 87, § 27; Laws of 1858, chap. 314, § 1; *Buckhout* v. *Hunt*, 16 How. Pr. 407; *Fisher* v. *Banta*, 66 N. Y. 468, 481; 1 Greenl. on Ev. § 523.) The Special Term had jurisdiction of the matter passed on by it. (2 R. S. 91, § 37.) It was one of the questions for the court to decide whether the report of the referee was proper and authorized by the law under which he was appointed, and the motion to confirm might properly have been opposed on this ground upon the report itself and without making a case. (*Godding* v. *Porter*, 17 Abb. Pr. 374.) The rights of Mrs. Lockwood as against the individual creditors of Mr. Gray were thus regularly before the Supreme Court for its determination. (*Fisher* v. *Hepburn*, 48 N. Y. 41; *Wilcox* v. *Jackson*, 13 Peters, 511; *Bangs* v. *Duckinfield*, 18 N. Y. 592, 597; *In re Canal and Walker Streets*, 12 id. 406; *Judson* v. *Rossie Galena Co.*, 9 Pai. 600.) Where the plaintiff can prove the insolvency of the survivor and thus show that he has no legal remedy for the collection of his debt against him, he may proceed to enforce payment from the estate of a deceased partner or other joint debtor without bringing an action against the survivor. (*Pope* v. *Cole*, 55 N. Y. 129; *Forbes* v. *Childs*, 17 id. 354; *Richter* v. *Poppenhusen*, 42 id. 373.) Mrs. Lockwood had a right to share as an individual creditor of Mr. Gray as to the $2,000 note, irre-

spective of the effect to be given to the judgment of the Supreme Court. (*Wilder* v. *Keeler*, 3 Paige, 167; *Meech* v. *Allen*, 17 N. Y. 300, 301; *Stewart's Case*, 4 Bradf. 254.) Mrs. Lockwood, the surety, upon payment of the notes, was subrogated to all the rights of the original holder. (*Cuyler* v. *Ensworth*, 6 Paige, 32; *Speiglemeyer* v. *Crawford*, 6 id. 254; *Clason* v. *Morris*, 10 Johns. 525, 601; *Hays* v. *Ward*, 4 Johns. Ch. 130; *Matthews* v. *Aiken*, 1 Com. 595; *Lewis* v. *Palmer*, 28 N. Y. 271; *Goodyear* v. *Watson*, 14 Barb. 481; *Alden* v. *Clark*, 11 Hun, 209; *Townsend* v. *White*, 75 N. Y. 425; White and Tudor's Lead. Cas. in Eq. [4th ed.] 137; *Watts* v. *Kinney*, 3 Leigh. 272, 294; *Powell* v. *White*, 11 id. 309; *Wheadey* v. *Calhoun*, 12 id. 265, 274; *Lidderdale* v. *Robinson*, 12 Wheat. 594; *Cheeseborough* v. *Millard*, 1 Johns. Ch. 409, 413; *Hines* v. *Keeler*, 3 W. & S. 404, 491; *U. S.* v. *Hunter*, 5 Pet. 174.)

ANDREWS, J. It is conceded that the right of Mrs. Lockwood to share in the distribution of the assets of the estate of Charles B. Gray, in the hands of his administrator, is governed by the rules by which courts of equity are guided in distributing the separate estate of an insolvent, as between his separate creditors and the creditors of a copartnership of which he was a member. The general rule in such cases is that the separate creditors are entitled to be first paid, on the ground that their debts were contracted on the credit of the separate estate, while partnership debts are contracted primarily on the credit of the joint estate. But as a partnership debt is regarded in equity as both joint and several, there is an apparent inconsistency in excluding in equity the right of the partnership creditor to share with the separate creditor, where, as in this case, there is no joint estate and the surviving partner is insolvent. But the doctrine stated is the settled law of this state, and is not open to question. The main debt of Mrs. Lockwood never in form, at least, was the copartnership debt of Gray and Lockwood. In February, 1875, Gray and Lockwood, in their individual names, and not in the

name of the firm, executed, together with Mrs. Lockwood, their joint and several promissory note for $2,000, payable to one Farnum, in consideration of a loan for that amount made by the payee to Gray and Lockwood at that date. Mrs. Lockwood signed the note at the request of the other makers for their accommodation, and as between themselves she was a surety merely. She was subsequently compelled to pay the note, which is the foundation of her principal claim against the estate. It is found that the money was procured for the use of the firm of Gray & Lockwood, and was used in the firm business, and that this was known to all the parties. Upon these facts is it a conclusion of law that the debt represented by the note was a firm debt, or that the claim of Mrs. Lockwood is to be ranked on the distribution of the separate estate of the decedent as a firm debt and excluded from participation until the concededly separate debts are paid? We are of opinion that no rule of marshaling assets requires such a determination. The payee of the note had a right to prescribe the security which he would accept for the loan. He chose to take the joint and several individual note of the parties, with the name of Mrs. Lockwood added. By the contract it was made the several debt of each of the makers, and we perceive no ground, in abstract justice, why Farnum, or his successor in interest, cannot have the benefit of the security according to its terms, and the right to prove the debt against the separate estate of the decedent, and share equally with the other separate creditors in the distribution. The fact that he knew that the money was borrowed for the use of the firm makes, we think, no difference. If he had required separate security by mortgage, or otherwise, on the individual property of one of the firm, there could be no doubt that it would be valid against the separate creditors of the individual partner, notwithstanding he knew for what purpose the money was borrowed. (*Meech* v. *Allen*, 17 N. Y. 300.) It is plain that Mrs. Lockwood has the same equity that Farnum would have had if he still owned the note and presented it as a claim against the

estate of Gray. He did not lend the money on the credit of the firm, or on the firm obligation, but on the joint and several promise of the individuals who composed it, and of Mrs. Lockwood. We need not consider whether he could have proved it in bankruptcy as a firm debt on showing the circumstances. This has not been done and there can be no question of election as between the joint and separate estate, as there is no joint estate. We think the authorities sustain the view above stated and show that the debt of Mrs. Lockwood for the money paid in discharge of her obligation on the note was provable and entitled her to share *pro rata* with the other separate creditors of the decedent in the distribution. ( *Wilder* v. *Keeler*, 3 Paige, 167 ; *Morris* v. *Morris*, 4 Grat. 293 ; *Ex parte Rowlandson*, 3 P. Wms. 405 ; *Ex parte Bond*, 1 Atk. 98 ; *Ex parte Honey*, L. R., 7 Ch. App. 178 ; 2 Lindley on Part. 1095, 1232, 1245, note.) The conclusion we have reached on the main question makes it unnecessary to consider the other questions. It follows that the order should be affirmed and judgment absolute rendered for the respondent on the stipulation.

All concur.

Order affirmed and judgment accordingly.