Learned, P. J.
This is an appeal from an order refusing to compel a receiver to pay over to the petitioner, Maxwell, the surplus money arising on a sale of real estate.
The action was commenced August 9, 1889, by plaintiff as a judgment creditor of Maria MacDonald, to set aside fraudulent conveyances of real estate made by her to defendant Carrie MacDonald and by Carrie MacDonald to Lillie S. Stevenson.' Plaint *481 iff recovered May 2, 1890, and j udgment was entered appointing Putnam receiver to sell the real estate. He did so October 25, 1890; and alter paying plaintiff’s judgment with costs and fees there remained in his hands $3,023.17.
October 3, 1890, Maria MacDonald, the fraudulent grantor, and Oarrie MacDonald and Lillie S. Stevenson, the fraudulent grantees, executed to one Maxwell, the-present petitioner, a conveyance of their interest in the real estate and in said surplus in trust for the purpose of paying certain individual debts of Maria MacDonald or any further individual indebtedness of said Maria since incurred.
On the 25th of March, 1890, Lydia A. Clark, a judgment creditor of Maria MacDonald, commenced an action for the same purpose as this action, viz.: to set aside as fraudulent these same conveyances of real estate made by Maria MacDonald to said Carrie MacDonald and by her to said Stevenson. Said Clark also commenced a similar action on another judgment, May 9, 1890.
November 6, 1890, the receivership of said Putnam was by ■order of the court extended to the two actions of said Clark.
A judgment in the second Clark action was granted February 3, 1891, deciding the said conveyances to be fraudulent, reciting the Harriet MacDonald action and its result, and reciting the sale by the receiver aforesaid and the balance aforesaid in his hands, and reciting the extension of the receivership to this Clark action, granting the usual decree setting aside the conveyances and further deciding that the said surplus in the hands of the receiver should stand in the place of the land thus fraudulently conveyed, and directing the receiver to apply the same to the said judgment of said Clark.
The motion by the petitioner Maxwell was made February 3, 1891, was opposed by said Clark, and was denied with ten dollars costs.
It will thus be seen that the conveyances to the petitioner were made by the fraudulent grantor and grantees pending the Clark action, and that the petitioner is not a bona fide holder for value. Further, he does not allege that he received the conveyance without notice of the Clark action. A notice of the pendency of the MacDonald action was duly filed at its commencement.
We are not disposed to adopt the views stated by the petitioner on the authority of Booth v. Wilson. 26 St. Rep., 177, viz.: that a judgment entered against a debtor who has previously made a conveyance of land with intent to defraud creditors is not a lien on the land. In Chautauqua Co. Bank v. Risley, 19 N. Y., 369, where the subject of enforcing judgments against fraudulently conveyed property was fully considered, it is said, at page 375, that the creditor “ may, if he prefer, stand upon his lien, and'the means which the law has given him of enforcing it. If his debtor has made a prior fraudulent conveyance, he may nevertheless sell upon his execution, and the purchaser will have the right and will take the risk of impeaching such conveyances.”
The same doctrine is recognized in White's Bank of Buffalo v. *482 Farthing, 101 N. Y., 344; 1 St. Rep., 15, where it is said: “ The several judgments became liens on lands fraudulently conveyed by Matilda Farthing, the judgment debtor, in the order of their docketing, and they could have been sold on executions issued on the judgments.” It is not necessary to cite other authorities.
That case further says that if the judgment in an action brought to set aside the fraudulent conveyance appoints a receiver and directs a conveyance to him, a purchaser under the receiver’s sale will take title as of the time of the debtor’s conveyance to the-receiver, subject, however, to judgments in favor of others than the plaintiff.
How it was held in the Chautauqua Co. Bank case that when the creditor, instead of merely setting aside the fraudulent conveyance, asked and procured the appointment of a receiver, he-practically abandoned his judgment lien for the remedy of a sale-by the receiver. As, therefore, Clark had the receivership extended to her action she cannot claim any longer that the sale of the receiver was subject to her lien by judgment, and that she could now proceed to sell the land by execution issued on her original judgment and thus deprive the purchaser under the receiver’s sale of a good title. This, it would seem under the White’s Bank case, she might otherwise have done. But the judgment which set aside the fraudulent conveyances specially puts the surplus in the receiver’s hand in the place of the land. We see, therefore, no reason upon the facts already stated why Clark should not be paid her judgment out of the surplus in the receiver’s hands as directed by the judgment in her second action..
The petitioner presents another point He states that the judgment was originally recovered by Clark against Maria MacDonald and one L C. Shuler upon an indebtedness of I. C. Shuler & Co., a firm of which Maria MacDonald was a partner. He states also that Maria MacDonald has no property out of which her individual debts can be paid except such surplus. He urges, therefore, that equitably partnership property should pay partnership debts; and individual, individual.
It is true that the partnership property of A. and B. cannot right- • fully be applied to pay the individual debt of A.; for the simple-reason that B: does not owe that debt, and therefore it is not just to use B.’s property to pay A.’s debt But on the other hand A does owe the partnership debt of A. and B. A.’s partnership debt is regarded in equity as both joint and several. Matter of Gray, 111 N. Y., 404; 19 St. Rep., 147. And the petitioner is making an application to the equity of the court. The court of equity • does not interfere with a priority acquired at law. Meech v. Allen, 17 N. Y., 301. An individual member may appropriate his property to the payment of debts of the firm. Royer Wheel Co. v. Fielding, 101 N. Y., 504.
How in this case Clark recovered a judgment April 25, 1890, against Maria MacDonald and I. C. Shuler, and docketed the same. That judgment thereupon became a legal lien on Maria MacDonald’s real estate then standing in her name. A sale of such real estate under execution upon that judgment would have given a. *483 good title. Maria had, however, before this date, fraudulently transferred, her real estate. That transfer was void as to Clark, and we have seen by the cases cited that Clark might have still proceeded to sell under execution. She took an affirmative action to set aside the fraudulent transfers. Before judgment the land had been sold under the MacDonald action. Her lien was transferred to the proceeds in the hands of the court, so as not to encumber the title of the purchaser at the receiver’s sale. She is still entitled to the benefit of the lien which she acquired by docketing her judgment and by the subsequent action. To hold otherwise would be to deprive her of the lien which she lawfully acquired by her original judgment Furthermore, 'Maria MacDonald has no interest in the land which she fraudulently conveyed. So that the petitioner’s claim is that the fraudulent grantees, whose conveyances are void as to Clark, may deprive her of the benefit of her judgment under a pretense of protecting indebtedness of their fraudulent grantors “ since incurred.”
We have examined the question as if the petitioner’s title was unquestionable. He describes it as a “ trust for the purpose of paying individual indebtedness of Maria.” He does not state that it is a trust to sell Furthermore, a conveyance made by a fraudulent grantor and grantees, just at the end of litigation "brought to set aside their fraudulent acts, and made for the purpose of paying indebtedness “ since incurred ” by the fraudulent grantor, has the appearance of being a continuance of the attempt to keep the debtor’s property from the reach of the vigilant creditors.
Order affirmed, with ten dollars costs and printing disbursements.
Mayham and Kellogg, JJ., concur.