In the Matter of the Application of EUGENE G. BLACKFORD for Payment of his Claim against the Estate of EDWARD B. BARTLETT, Deceased.

MARIA H. N. BARTLETT, as Executrix, etc., of EDWARD B. BARTLETT, Appellant; EUGENE G. BLACKFORD, Respondent.

*Partnership — liability of partners for torts arising from partnership transactions — a judgment against the partners jointly is enforcible against the individual and insolvent estate of a deceased partner.*

The liability of partners for a tort arising out of partnership transactions is joint and several, and the owners of the cause of action do not lose their rights as individual creditors of the several partners by the recovery of a judgment against the partners jointly.

The assignee of such a judgment is entitled, as an individual creditor of a deceased partner, to payment of its amount out of the individual estate of such deceased partner, although the assets of the estate are not sufficient to pay the claims of its individual creditors.

The preference which section 2719 of the Code of Civil Procedure gives to judgment creditors in the distribution of the estate of a deceased person is absolute, and the rule in equity for marshaling assets of a copartnership, which provides that partnership creditors should first look to the partnership assets, and individual creditors to the separate estates of the partners, does not apply under our statute to the payment of a judgment recovered against a deceased partner.

APPEAL by Maria H. N. Bartlett, as executrix, etc., of Edward B. Bartlett, deceased, from an order of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 12th day of July, 1898, directing her to pay to Eugene G. Blackford the amount of the judgment recovered by him against Edward B. Bartlett, Albert C. Woodruff and Henry E. Nitchie, composing the firm of E. B. Bartlett & Co.

*Edward B. Whitney,* for the appellant.

*George W. Wingate,* for the respondent.

CULLEN, J.:

The judgment debtors were partners under the firm name of E. B. Bartlett & Co. The action in which the judgment was recovered was brought against those persons and one Smith, the health officer

·of the port of New York, for damages by reason of the wrongful taking and detention of certain property, to obtain the possession of which the plaintiffs were required to pay, under protest, a sum of money. (*Lockwood* v. *Bartlett,* 130 N. Y. 340.) The judgment was assigned to the petitioner. After its rendition the defendant Bartlett died. Subsequently, the firm being insolvent, the surviving partners made an assignment. The petitioner applied for an order directing the executor of Bartlett to pay the amount of the judgment. This was resisted by the executor on the claim that her testator's estate was insufficient to pay all its liabilities and that the judgment of the petitioner, being a firm obligation, was not entitled to payment until after the individual creditors of the deceased had been satisfied. From an order granting the application this appeal is taken.

The action in which petitioner's judgment was recovered was held by the Court of Appeals to be in tort. (*Lockwood* v. *Bartlett, supra.*) Therefore, though it arose out of partnership transactions, the liability of the parties was joint and several. (*Roberts* v. *Johnson,* 58 N. Y. 613.) Until the recovery of the judgment the plaintiffs might have sued the defendants separately. In case they had taken such a course, it is not denied that any judgment recovered against an individual partner would have been entitled to payment out of his individual estate. But it is claimed that the plaintiffs were put to their election to proceed against the partners either individually or jointly, and that when an election was made to sue the parties jointly, plaintiffs lost their rights as creditors of the several parties individually. It may be conceded that, where a plaintiff has recovered a joint judgment against parties jointly and severally liable, he cannot afterwards sue the parties separately, and that the converse of the proposition is equally true. (*Sessions* v. *Johnson,* 95 U. S. 347.) But it does not necessarily follow that, because a judgment is recovered against several parties in the same action, plaintiff ceases to be a creditor of the parties individually. It is unquestionable that we may look into the record so as to see if one of the parties is principal and the other merely surety; and that, if they sustain such relations, the plaintiff is a creditor of the individual estate of each. Therefore, if the proposition for which the appellant contends is true, this result

has followed, not because of the form of action the plaintiff has adopted, but because he was put to an election as to which liability he would select — the joint liability or the several; in other words, because the obligation of the defendants was not joint and several, but in reality only joint or several. For this last proposition authority may be found, and it is the rule in England. (Pars. Part. § 390.) But the rule has been the subject of grave attack on principle (Story Part. § 376; *Borden* v. *Cuyler*, 10 Cush. 476) and does not seem to obtain in this country. The American practice in bankruptcy is the exact reverse. (*Matter of Farnum*, 6 Law Rep. 21; *Mead* v. *The National Bank of Fayetteville*, 6 Blatchf. 180; *Matter of Bigelow*, 3 Ben. 146.) In the last case a claim was filed on a bond executed by "Edward Bigelow, David Bigelow and Nathan Kellogg, and composing the firm of E. & D. Bigelow & Co.," by which the obligors bound themselves jointly and severally It was held that the creditor might prove his claim against both the partnership and individual estates. In *The Matter of Gray* (111 N. Y. 404) the creditor held a joint and several note executed by two partners given for a loan to the firm. It was held that she might proceed as an individual creditor against the separate estate of one of the partners who had died. The question of election did not arise in the case as the creditor had not proceeded against the estate of the firm. But the argument of the opinion seems to us to favor the proposition that the creditor is not put to such election. Judge ANDREWS writes: "By the contract it was made the several debt of each of the makers, and we perceive no ground, in abstract justice, why Farnum (the payee), or his successor in interest, cannot have the benefit of the security according to its terms, and the right to prove the debt against the separate estate of the decedent, and share equally with the other separate creditors in the distribution. The fact that he knew that the money was borrowed for the use of the firm makes, we think, no difference. If he had required separate security by mortgage, or otherwise, on the individual property of one of the firm, there could be no doubt that it would be valid against the separate creditors of the individual partner, notwithstanding he knew for what purpose the money was borrowed." If an individual partner had given a mortgage to secure a firm debt, certainly no one would contend that the creditor was put to an elec-

tion between his security and his claim against the firm. If the case of a partner pledging his individual responsibility is analogous to that of giving a mortgage, we cannot see why the same rule should not obtain in both cases. We are, therefore, of opinion that in this State, where a liability is both joint and several, the creditor has the right to enforce both liabilities. If this be so, we do not see that by the recovery of a joint judgment the creditor should lose his rights. Why should his position in bankruptcy or on the death of the parties be worse when the claim has been put into judgment than before? Nor do we see that the liability of joint tort feasors is different from that of parties to a contract by which, under its express terms, they become jointly and severally bound. The principle on which equity founds the rule that joint creditors must look to the joint estate, and individual creditors to the separate estate of partners, is that the joint creditors have extended credit on the faith of the firm property, and the individual creditors on the faith of the separate estates of the partners. This reasoning certainly does not obtain in a case like the present, in which there was no contractual relation between the parties, and the act of the defendant was a tort pure and simple.

We are further of opinion that the rule for marshaling assets in equity, under discussion, does not apply under our statute to the payment of a judgment recovered against a deceased partner. It is conceded that the rule does not permit a court of equity to disturb the statutory lien acquired against the separate property of partners by the recovery of a judgment in a joint action against the members of the firm. (*Meech* v. *Allen*, 17 N. Y. 300.) This is also true as to attachments. (*Allen* v. *Wells*, 39 Mass. 450.) It is true that the recovery and docket of the judgment against the testator did not give the judgment creditor any lien on his personal estate, but preference in its payment is especially directed by statute. By section 2719 of the Code of Civil Procedure, the executor or administrator must pay "judgments docketed and decrees entered against the deceased according to the priority thereof respectively" before other debts. In *Wilder* v. *Keeler* (3 Paige, 167) the chancellor reviewed at length the equitable rules governing the marshaling of assets. Speaking of the rule of preference between joint creditors and individual creditors, the chancellor states that such rules

are adopted by the court only where the law has not given an absolute preference to one class of creditors over another. Though in a respect not material to the controversy here the decision in *Wilder* v. *Keeler* has been overruled, still the declaration quoted was cited with approval in *Meech* v. *Allen* (*supra*). The preference which the statute gives judgment creditors in the distribution of the estate of a deceased person is absolute, and they cannot be deprived of that preference by any inquiry into the cause of action on which the judgment was recovered.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred, except GOODRICH, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.