KATHERINE GAYLORD and CORA G. RIGGS, as Administrators, etc., of HENDERSON GAYLORD, Deceased, Respondents, *v.* JUDSON A. GIBSON, Appellant.

*Evidence — action on a promissory note found among a decedent's effects — checks received by him for the exact amount with interest — when a memorandum made by the decedent is sufficient to overcome the presumption of non-payment — counterclaim for the rent of premises leased to the decedent — burden of proof of payment — presumption that a check given is not a loan.*

In an action by the administrators of a decedent upon a note found among his effects it appeared that the note was for $200 and interest, and was dated August 28, 1886, and payable in ninety days. On September 12, 1887, the maker gave the deceased a check for $200, which was paid; on November eleventh following he gave him another check for $12.46, the two checks being the exact amount due on the note for principal and interest September 12, 1887. The defendant, who was the maker of the note, was not allowed to testify to the circumstances under which the checks were given, but produced the following memorandum in the decedent's handwriting:

"Aug. 26, 1886, Lend J. A. G. $200
"June 18, 87, " " " " 25.00
"Recd. Sept. 13, $200 on note Aug. 28, 86."

*Held,* that the production of the memorandum by the defendant overcame the presumption of non-payment arising from the retention of the note by the decedent.

Where the defendant in such an action sets up a counterclaim for the rent of premises which the defendant, as guardian of an infant, had leased to the

deceased, and it appears that the deceased occupied the premises and promised to pay a stipulated rent, the burden is upon the plaintiffs to show that the decedent had paid such rent in full; the fact that the defendant had settled in full with his ward for the rent alleged to have been unpaid by the decedent, raises no presumption that the latter had made payment to the defendant.

*Semble,* that where it appears that one since deceased gave a check to another, the presumption is that it did not represent a loan by the decedent.

APPEAL by the defendant, Judson A. Gibson, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Chemung on the 14th day of July, 1894, upon the report of a referee:

This action is brought to recover upon two promissory notes, one for $200 and the other for $300, executed by the defendant to plaintiffs' intestate; and also upon a loan of $100, and another of $25, claimed to have been made by the deceased to the defendant.

The defense was payment of the notes, denial of the loans, and a counterclaim for a balance of accounts due defendant from the deceased.

The referee, before whom the case was tried, rendered a decision, in which he charged the defendant with both notes, and interest thereon, and also with a loan of $25 and the interest thereon, as claimed in the complaint, but found that the claim for $100 loaned was not proven.

Upon the counterclaims set up in the answer, he charged against the plaintiffs, as defendant's share of the receipts for the use of certain " billboards " in which deceased and defendant had an interest as copartners, during the season of 1886 and 1887, the sum of $93.15, and for the season of 1887 and 1888 the sum of $87.50, as and for defendant's share for the use thereof, and also the sum of $81.25 as defendant's share of the proceeds of the sale by deceased of such " billboards " and other implements and property used in the bill posting and advertising business. He also allowed to the defendant the sum of $143.50 as being his share of the receipts for the use of certain advertising curtains in which he and the deceased were interested as copartners. He also charged against plaintiffs the sum of $85.41, being amount paid by defendant to the use of deceased upon a joint note executed by them.

He refused to allow defendant's claim for $250 balance due from

deceased upon a lease of the Madison Avenue Theatre, executed to him by the defendant as the guardian of Ada F. Hersey, a minor.

He gave judgment against defendant for the balance due after deducting the counterclaims allowed, and from the judgment entered thereon this appeal is taken.

*Judson A. Gibson*, appellant, in person.

*A. J. Robertson*, for the respondents.

PARKER, P. J.:

It seems from the record before us that the clear weight of evidence establishes the payment of the $200 note. It was dated August 28, 1886, due in 90 days, with interest. On September 12, 1887, defendant gave deceased a check for $200, which was paid, and on November eleventh, following, gave him another check for $12.46, which was paid. The amount due on the note for principal and interest September 12, 1887, was just $212.46, and a very strong presumption arises that those two checks paid the note. Defendant was not allowed to testify for what those checks were given, being prohibited from so doing by section 829 of the Code of Civil Procedure, but he has put in evidence a memorandum in deceased's handwriting which he, defendant, had in his possession and produced upon the trial, whereby it would appear that deceased made certain charges against defendant and gave him credit as follows:

"Aug. 26, 1886, Lend J. A. G. $200
"June 18,   87,   "   "  "   "   25.00
"Recd. Sept. 13, $200 on note Aug. 28, 86."

From this memorandum it would seem that on August twenty-sixth deceased loaned defendant $200, for which a note was taken two days after, viz., August 28, 1886. That on September thirteenth, the day after the date of the check of September 12, 1887, he received $200 payment on the *note* of August 28, 1886. Of course, the defendant was not able to testify as to the circumstances under which he took this memorandum from deceased, nor why the note, if paid, was left in the custody of the deceased, but the fact that deceased wrote the memorandum and defendant produced it

makes it substantially a statement on the part of deceased and over-comes any presumption of non-payment arising from the retention of the note by deceased.

An effort was made to discredit the force of this memorandum by claiming that the date, August 28, had been changed from 8 to 28, and that '86 had originally been written '87. There is some appearance of a change from 87 to 86, but there is no *note* appearing in the case as of August 8, 1887. Moreover, the credit on this memorandum evidently has reference to the indebtedness charged above it, and there can be no claim but that such indebtedness accrued in August, 1886. Evidently the credit of September thirteenth there entered was upon a *note* for a loan made in August, 1886. The credit refers to the debt therein charged, and thus the application of the $200 received on check of September 12, 1887, is shown by deceased himself.

To repel this conclusion a check for $200 from the deceased to the defendant, dated August 8, 1887, was put in evidence by plain-tiffs, and it is suggested that the check of September twelfth, above referred to, was to repay the amount received upon it. But there is no presumption nor proof that such check was a loan to be repaid by defendant. The presumption is to the contrary. (*Matter of Baldwin*, 11 App. Div. 551.) Also, the deceased says the amount received by him September thirteenth (presumably on the check of September twelfth) was upon a *note*, not on a check or loan, of August twenty-eighth. I cannot see the slightest reason to claim that the 28 had been altered, nor why the deceased, a lawyer, should credit the amount upon a *note* if he intended it to apply on a check or a loan for which no note had been given.

My conclusion is that the proof fairly establishes the payment of the $200 note, and that the referee should have so found.

As to the defendant's claim that the loan of twenty-five dollars was not established, I think it cannot be sustained. The memoran-dum above referred to shows a *loan* on June 18, 1887, of twenty-five dollars. It was put in evidence by defendant, and shows that the check of *that amount and of that date*, confessedly applied to defendant's use, was advanced as a *loan* and not a payment.

It would also appear from the evidence before us, and the referee's finding of fact, that defendant had established his claim for $250,

balance due upon the lease taken by the deceased of the Madison Avenue Theatre. It clearly appears from the 11th finding that defendant, as guardian of his ward, Ada F. Hersey, had charge of the premises in question and rented them to the deceased for the annual rent of $800; that deceased occupied them for a year under such leasing and promised to pay the defendant the sum of $800 therefor.

Those two facts being proven, the burden was upon the plaintiffs to prove that payment in full of such rent had been made.

There is proof that deceased had made some payments on account of such rent, but it is not shown that he had paid any more than the answer gives him credit for, to wit, $550. That he is chargeable for the balance of $250, as claimed by the answer, is an inference from the conceded facts, overcome only by proof of its payment.

The referee found (and it so appeared) that defendant had settled in full with his ward for such rent, but that fact raises no presumption that deceased had paid him. Defendant was liable to his ward for the rent which he collected or could collect, and no inference that he had already collected the whole rent should arise from the fact that he had paid his ward in full. The referee says that the evidence does not justify the finding that any part of the rent remained unpaid. But the question is: Does it justify the finding that it has all been paid? Unless it does, plaintiff should have been credited with only so much as appeared to have been paid, and have been charged with the balance.

In this respect the decision of the referee is erroneous.

Defendant further claims that there were errors committed upon the trial to his prejudice in the admission of evidence.

Exhibit C complained of was a memorandum of accounts in the handwriting of deceased. So far as the record before us indicates, it had no bearing whatever upon any issue in the case, except the claim for $100 loaned defendant. Inasmuch as the referee has disallowed that claim, the reception of the evidence was clearly without prejudice to defendant.

As to the admission of Exhibit X, we cannot ascertain from the record just what it contained. If there were items in the account made by defendant, which recognized payment of rent made by deceased, it might be evidence in the nature of admissions against

himself. If there were no such admissions it is difficult to see how it could be pertinent to any issue being tried.

It is further claimed by defendant that he should have been allowed to recover as *surviving partner* all that the deceased received from the rental and use of billboards, curtains, etc., and the actual market value of the property sold by him, to the end that he might pay the copartnership debts and settle up its affairs.

It is difficult to determine to just what extent the deceased and defendant were sole partners, and to what extent Smith was a copartner with them in the advertising business, or whether the condition of the firm warranted such a recovery; nor is it necessary to determine that question, inasmuch as, from the views above expressed as to the conclusions of the referee, a new trial should be granted in this action. It is probable that upon another trial the precise relation of those three parties to the advertising business will more definitely appear.

The result of these considerations is that this judgment should be reversed and a new trial granted.

All concurred.

Judgment reversed, referee discharged, new trial granted, costs to abide the event.