In the Matter of the Accounting of HENRY B. DAUCHY, as Assignee of THOMAS LAPE.

UNION NATIONAL BANK OF TROY, Appellant; HENRY B. DAUCHY, as Assignee, etc., et al., Respondents.

ASSIGNMENT FOR CREDITORS — PREFERENCE OF MORE THAN ONE-THIRD OF INDIVIDUAL PROPERTY TO FIRM CREDITORS VOID UNDER CHAPTER 503 OF LAWS OF 1887. A clause in a general assignment of individual property made by a member of a firm, the property of which has been distributed under an assignment by the firm, which directs, after the payment of certain preferred claims not exceeding one-third of the assets of his estate, the distribution of the remainder of his estate among the firm as well as his individual creditors, ratably and in the same proportion, creates a preference in favor of the firm creditors that is in contravention of the statute (L. 1887, ch. 503), and is, therefore, void, and such remainder should be distributed among his individual creditors.

*Matter of Dauchy*, 59 App. Div. 383, reversed.

(Argued January 6, 1902; decided January 28, 1902.)

APPEAL from so much of an order of the Appellate Division of the Supreme Court in the third judicial department,

entered May 18, 1901, as modified a final order of the Rensselaer County Court judicially settling the accounts of Henry B. Dauchy, as assignee for the benefit of the creditors of Thomas Lape.

The facts, so far as material, are stated in the opinion.

*James S. Wheeler* for appellant. In the absence of any lawful direction by the assignor, the individual debts are entitled to be first paid out of the individual property. (3 Kent's Comm. 65 ; *Hewitt* v. *Northrup*, 75 N. Y. 509 ; *Matter of Gray*, 111 N. Y. 408 ; *Jackson* v. *Cornell*, 1 Sandf. Ch. 348 ; *Mills* v. *Parkhurst*, 9 N. Y. Supp. 111; *Matter of Duncan*, 10 Daly, 95 ; *Friend* v. *Michaelis*, 15 Abb. [N. C.] 354; *Crook* v. *Rindskopf*, 105 N. Y. 476 ; *First Nat. Bank* v. *Tarbox*, 38 Hun, 58 ; *Bank of Buffalo* v. *Thompson*, 121 N. Y. 282 ; *Pope* v. *Cole*, 55 N. Y. 124.) Chapter 503 of the Laws of 1887 deprived the assignor of all power to control or direct the order of distribution of the two-thirds estate remaining after the payment of preferences. (*Spelman* v. *Freedman*, 130 N. Y. 421 ; *C. Nat. Bank* v. *Seligman*, 138 N. Y. 443.) The fifth paragraph of the assignment, properly construed, does not direct the payment of dividends on the partnership debts ratably with the individual debts. (*Mills* v. *Parkhurst*, 9 N. Y. Supp. 112; *Friend* v. *Michaelis*, 15 Abb. [N. C.] 354; *C. Nat. Bank* v. *Seligman*, 138 N. Y. 435 ; *Richardson* v. *Thurber*, 104 N. Y. 606.)

*Henry J. Speck* for Bank of D. Powers & Sons, respondent. The assignor had undoubted legal right to appropriate by general assignment his individual estate for the ratable payment of his individual and partnership debts. (*Citizens' Bank* v. *Williams*, 128 N. Y. 82; *Crook* v. *Rindskopf*, 105 N. Y. 484 ; *Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504 ; *Saunders* v. *Riley*, 105 N. Y. 12 ; *Hayner* v. *Gray*, 116 N. Y. 490 ; *Matter of Gray*, 111 N. Y. 480 ; *Becker* v. *Leonard*, 42 Hun, 221 ; *Smith* v. *Perine*, 1 N. Y. Supp. 495 ; 121 N. Y. 376 ; *Wheeler* v. *Childs*, 22 App. Div.

615; *J. L. & S. O. Co.* v. *Hubbell*, 76 N. Y. 545.) The fifth paragraph or subdivision of the assignment expressly provided for the *pro rata* payment of individual as well as partnership debts and liabilities of the assignor out of the general or residuary fund of the assigned estate, without any priority or preference whatever. (*Smith* v. *Perine*, 1 N. Y. Supp. 495; 121 N. Y. 376; *Mills* v. *Parkhurst*, 5 N. Y. Supp. 730; 9 N. Y. Supp. 109; 126 N. Y. 89; *Boose* v. *Marion*, 129 N. Y. 536; *Matter of Gray*, 111 N. Y. 408; *Meech* v. *Allen*, 17 N. Y. 300; *Becker* v. *Leonard*, 42 Hun, 221; *Hurlbert* v. *Dean*, 2 Abb. Ct. App. Dec. 435; *Citizens' Bank* v. *Williams*, 128 N. Y. 82; Parsons on Part. § 253; Lindley on Part. 200.) The assignor having expressly provided for the distribution of the general or residuary fund ratably to all his creditors, individual and firm, without priority or preference, the provisions of the assignment control, and such fund cannot, independent of any statute, be distributed according to the rules of equity. (*Matter of Lewis*, 81 N. Y. 424; *Citizens' Bank* v. *Williams*, 128 N. Y. 81; *Becker* v. *Leonard*, 42 Hun, 224; *Meech* v. *Allen*, 17 N. Y. 300; *Mills* v. *Parkhurst*, 9 N. Y. Supp. 109; 126 N. Y. 89; *Matter of Hevenor*, 144 N. Y. 273; *People* v. *St. Nicholas Bank*, 151 N. Y. 594.) The common-law right of the assignor to appropriate by general assignment his individual property to the payment of his individual and joint debts, without priority or discrimination, has not been destroyed by chapter 503, Laws of 1887. (*Tompkins* v. *Hunter*, 149 N. Y. 117, 120–127; *C. Nat. Bank* v. *Seligman*, 138 N. Y. 442; *Shotwell* v. *Dixon*, 163 N. Y. 43; *Berger* v. *Varrelman*, 127 N. Y. 286; *Dodge* v. *McKechnie*, 156 N. Y. 520; *Williams* v. *Whedon*, 109 N. Y. 333; *Citizens' Bank* v. *Williams*, 128 N. Y. 82; *Fitzgerald* v. *Quann*, 109 N. Y. 445; *Karst* v. *Gane*, 136 N. Y. 321; *Jones* v. *City of Albany*, 151 N. Y. 228.)

*Benjamin E. De Groot* for the National Bank of Troy, respondent. A partnership creditor is as fully a creditor of a

member of the firm as an individual creditor would be.
(Lindley on Part. 200 ; *J. L. & S. O. Co.* v. *Hubbell*, 76 N.
Y. 543 ; Bump on Fraud. Conveyances [4th ed.], 399 ; *Royer
Wheel Co.* v. *Fielding*, 101 N. Y. 510 ; *Citizens' Bank* v.
*Williams*, 128 N. Y. 82 ; *Crook* v. *Rindskopf*, 105 N. Y.
482 ; *Hurlbert* v. *Dean*, 2 Abb. Ct. App. Dec. 435.) The fact
that respondents were named as preferred creditors under the
fourth paragraph of assignment and received dividend there-
under does not preclude them from sharing in the residue of
property for balance of their debts as general creditors. (*John-
son* v. *Rapalyea*, 1 App. Div. 463.) The equity rule that per-
mits courts to exclude a partnership creditor from participat-
ing with an individual creditor of a partner in a fund only
applies where the excluded creditor has two existing funds,
and the other but one of the funds, and no loss accrues to
the excluded creditor, and no legal direction to the contrary is
made by debtor. (Beach Mod. Eq. Juris. § 781.) The decree
of the County Court changed the directions of the assignor,
Thomas Lape, as to the distribution of his property. Courts
have not the power to make general assignments nor to change
them. (Bishop on Insolv. Debtors [3d ed.], 239 ; *Jessup* v.
*Hulse*, 21 N. Y. 168 ; *Citizens' Bank* v. *Williams*, 128 N.
Y. 81 ; *Booss* v. *Marion*, 129 N. Y. 536 ; *Matter of Lewis*,
81 N. Y. 421 ; *Tompkins* v. *Hunter*, 149 N. Y. 117 ; *Fitz-
gerald* v. *Quann*, 109 N. Y. 441 ; *Brigham* v. *Tillinghast*,
13 N. Y. 215 ; *Bergen* v. *Carmen*, 79 N. Y. 146 ; 2 Fiero on
Spec. Act. [2d ed.] 1285, 1287.)

Haight, J. On the 20th day of November, 1895, the firm
of Lape and Dunlop, composed of Thomas Lape and John
Dunlop, made a general assignment to Henry B. Dauchy for
the benefit of creditors, which on the same day was followed
by general assignments of the individual members of the firm
to the same assignee. The firm assets have been converted
into money and distributed among the creditors of the firm.
No individual assets of Dunlop have come into the hands of
his assignee or been found by him. These proceedings were

instituted by the assignee to obtain a final settlement of his accounts as to the individual assets of Thomas Lape. The firm and the individual members thereof were insolvent and the assets of neither were sufficient to pay the creditors. The assignee's accounts in these proceedings show a balance in his hands, subject to the order of the court, of $13,351.54. One-third of this amount, after the statutory deductions and expenses, was ordered applied *pro rata* upon the preferred claims, and the remaining two-thirds were directed to be distributed among the individual creditors of Lape. Upon review the Appellate Division modified the order distributing the remaining two-thirds of the assets among the individual creditors of Lape by directing that the same be distributed *pro rata* among his individual creditors and the firm creditors. The question thus presented for this review is as to whether the remaining individual assets of Lape, after the applying of one-third upon claims which he has preferred, should be distributed among his individual creditors or among his individual and firm creditors.

The liability of an individual copartner for the debts of the firm is well settled. Judgment may be awarded against him therefor and execution may be levied upon his goods; but the law is equally well settled that a court of equity in distributing the estates of an insolvent copartnership and of the insolvent members thereof, in the absence of any lien acquired by creditors or of a lawful direction by the assignor, the copartnership assets will be devoted to the payment of the partnership creditors and the individual assets to the payment of the individual debts. (3 Kent Com. 65; *Hewitt* v. *Northrup*, 75 N. Y. 506, 509; *Matter of Gray*, 111 N. Y. 404, 408.) This is the equitable rule, having its foundation in the fact that firm debts were contracted primarily on the credit of the copartnership estate and that individual debts were contracted on the credit of the separate estate. On referring to the assignment we find that by the fourth clause thereof specific directions have been given with reference to the payment of certain claims, among which are some of the debts of the firm, but not, how-

ever, to exceed one-third of the assets of the estate. The assignor then proceeds by the fifth clause of the assignment to dispose of the remaining two-thirds of the estate. His direction is as follows : " To pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts and liabilities now due or to grow due from the said party of the first part, with interest thereon, without any priority of preference whatsoever, and if the residue of said proceeds shall not be sufficient to pay the said debts and liabilities and interest in full, then to apply the said residue of said proceeds to the payment of said debts and liabilities ratably and in proportion to the amount thereof respectively." It is claimed on the part of the respondents that this is a specific direction for the distribution of the remainder of the estate among the firm, as well as individual creditors, ratably and in the same proportion, and for the purposes of this case we shall assume such to be the correct construction of the clause. The question then arises as to whether this clause of the assignment is in contravention of the provisions of the Laws of 1887, chapter 503, which is as follows : " § 30. In all general assignments of the estates of debtors for the benefit of creditors hereafter made, any preference created therein (other than for the wages or salaries of employees under chapter three hundred and twenty-eight of the laws of eighteen hundred and eighty-four, and chapter two hundred and eighty-three of the laws of eighteen hundred and eighty-six) shall not be valid except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust ; and should said one-third of the assets of the assignor or assignors be insufficient to pay in full the preferred claims to which, under the provisions of this section, the same are applicable, then said assets shall be applied to the payment of the same *pro rata* to the amount of each said preferred claims." By these provisions we have an express limitation of the power of assignors to prefer creditors. In this case Lape exhausted his power by the fourth clause of his assignment. One-third of his estate has been distributed

as he specifically directed. His, power, therefore, to specifically dispose of the remaining two-thirds was exhausted. Had it not been for the provisions of this statute he, unquestionably, would have had the power to control the distribution of his entire estate. He could, if he had seen fit, have devoted his entire estate to the payment of the firm creditors, leaving his individual creditors unprovided for, but the enactment of this statute changed his powers in this regard, and in the absence of a levy of an attachment, or an execution, or the acquiring of a lien of some other character by the firm creditors, the remaining individual assets should be distributed in accordance with the equitable rules of the court, as if no specific direction had been given.

The learned Appellate Division, in its prevailing opinion, appears to have entertained the view that the direction contained in the assignment to distribute among the firm creditors, as well as the individual creditors, "does not create a legal preference because both classes of debts are at law considered equal." If the direction is not a preference, what is it? Were it not for the direction, the firm creditors, confessedly, would get nothing; for the assets to be distributed will only pay a small percentage of the individual creditors. It is by reason of this direction that the respondents maintain their right to a share in the distribution, and if it is not legal they have no foundation upon which to maintain their claim. The learned court further state that "such direction by the assignor is, at most, a destruction of a preference that might thereafter be created by the application of an equitable rule." According to this, it is the equitable rule which creates the preference, and not the direction contained in the assignment. We do not so understand it. The equitable rule of distribution is a rule of justice, and it does not favor preferences. When the assets of a firm have been devoted entirely to the payment of the creditors of a firm equity will not sanction the appropriation of the individual assets to the payment of the remaining claims of the firm creditors to the detriment of the individual creditors. If it

did it would often result in the payment of the firm creditors in full, while the individual creditors would receive but a small percentage on their claims. Our conclusions are that a preference was created by the direction contained in the assignment and not by the rule of equity; that under the statute the assignor had exhausted his power to prefer by the fourth clause of the assignment, and that his directions contained in the fifth clause, in so far as they are at variance with the equitable rule of distribution, are void and without force and effect.

The order of the Appellate Division should be reversed, and that of the County Court affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, CULLEN and WERNER, JJ., concur.

Ordered accordingly.