In the Matter of the Accounting of BAYARD L. PECK, as Assignee for Creditors of GIRARD N. WHITNEY, Respondent.

JOHN F. MCINTYRE, Appellant.

*Partnership — liability of individual members of firm for tort committed by firm — general assignment of firm for firm debts and of individual members for individual debts — marshaling of assets — when judgment against firm for tort may be proved against individual assets of a copartner in his individual assignment.*

1. The joint and several liability of partners arising out of the partnership relation is subject to the equitable rule in marshaling assets, but this rule does not prevent a partner by his individual contract subjecting his individual property in law and equity to payment of partnership debts. In such case a claim may exist for preference with the claims of other firm creditors from the firm assets, and at the same time with the other individual creditors from the individual assets of the person so liable.

2. A tort for which a partnership is liable makes every member of the firm severally individually liable. Such liability is not dependent upon the personal wrong of the individual member of the partnership against which the liability is asserted. The test of the liability is based upon a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, even though by an employee, the partners are liable as joint tort feasors,

and the individual assets of each partner are bound in equity equally as if the individual liability had arisen from an express contract, apart from the contractual relation arising from the partnership.

3. In an action against partners for conversion brought after a general assignment by the partnership and by each of its individual members, the claimant herein recovered a judgment for damages. The assignments of the individual partners in each case provided for the payment next after expenses of the assignment of all the debts and liabilities of the partnership, with interest thereon. In this proceeding to settle the accounts of the assignee of the partnership and of its individual members, *held*, that the judgment creditor, claimant herein, is not only entitled to his distributive share of the partnership property, but that his claim should be allowed and paid as an individual claim against the estate of a copartner against whom it was filed. (*Matter of Blackford*, 35 App. Div. 330, explained.)

*Matter of Peck*, 150 App. Div. 922, reversed.

(Argued June 3, 1912; decided June 21, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 3, 1912, which affirmed a final decree entered upon the report of a referee in an accounting of an assignee for creditors, bringing up for review an interlocutory judgment entered October 4, 1911, upon the submission of a controversy to said Appellate Division under section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*Thomas F. Gilroy, Jr.*, and *Isidor Unger* for appellant. The assignor, Girard N. Whitney, is individually liable for the full amount of appellant's judgments, with interest thereon to the date of payment. The firm of Whitney & Kitchen was also liable thereon to the same extent, and its assets having been distributed and found insufficient to pay appellant's claim in full, he is entitled to the payment of the unpaid balance out of the separate estate of the assignor Whitney before the payment out of

said separate estate of partnership claims. (*Content* v. *Banner*, 184 N. Y. 121; *Douglas* v. *Carpenter*, 17 App. Div. 329; *Baker* v. *Drake*, 53 N. Y. 211; *Comstock* v. *Hier*, 73 N. Y. 269; *Berley* v. *Taylor*, 5 Hill, 582; *Barber* v. *Ellingwood*, 137 App. Div. 702; *Heimburg* v. *Man. R. Co.*, 162 N. Y. 352; *Snider* v. *Snider*, 160 N. Y. 151; *Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Baird* v. *New York*, 96 N. Y. 567.)

*Daniel Burke* for respondent. While a partnership may not be a legal person, nor an entity separate and distinct from the members who compose it, it is so considered in determining questions like the one now at bar. (*Menagh* v. *Whitwell*, 52 N. Y. 146; *Allen* v. *Sewall*, 2 Wend. 338; *Fern* v. *Vanderbilt*, 13 Abb. Pr. 72; *Catlin* v. *Adirondack Co.*, 81 N. Y. 639.) The plaintiff's cause of action, although in tort, exists solely because he had a contract with the partnership and is not within the authority of *Matter of Blackford* and the cases cited by the claimant. It is *ex delicto quasi ex contractu*. In the *Blackford* case, and others, the several liability of the partners was upheld because the liability was in tort "pure and simple," and entirely independent of any contractual relation. (1 Chitty on Pleadings [2d Am. ed.], 133; *Tuttle* v. *Cooper*, 10 Pick. 284; *Powell* v. *Layton*, 2 Bos. & Pul. 365; *Weill* v. *King*, 12 East, 451; *White* v. *Smith*, 12 Rich. [S. C.] 600; *Mason* v. *Wells*, 2 Hun, 518.)

CHASE, J. On and prior to January 16, 1908, Girard N. Whitney and James V. Geraghty were partners conducting a stock brokerage business in the city of New York under the firm name of Whitney & Kitchen. On that day they made a general assignment of all their partnership property to Bayard L. Peck as assignee for the equal benefit of all their partnership creditors. On January 25, 1908, each of said partners made a general assignment of all his individual property to the same

assignee. It was provided in each of said individual assignments that the said assignee after paying the expenses of the assignment should "pay and discharge in full if the residue of said proceeds is sufficient for that purpose all the debts and liabilities now due or to grow due from the said copartnership of Whitney and Kitchen and from the said party of the first part (the assignor) with all the interest moneys due or to grow due thereon, and if the residue of said proceeds shall not be sufficient to pay the said debts and liabilities and interest moneys in full then to apply the said residue of said proceeds to the payment of said debts and liabilities ratably and in proportion."

Thereafter John F. McIntyre brought an action against "Girard N. Whitney and James V. Geraghty, copartners doing business under the firm name and style of Whitney and Kitchen" to recover damages by reason of the alleged conversion to their own use of five hundred shares of Amalgamated Copper Company stock owned by him and left in their possession as collateral security for certain advancements. Issues were joined in the action and the referee before whom the action was tried found in favor of the plaintiff and among other things concluded as a matter of law, "That the said copartnership consisting of Girard N. Whitney and James V. Geraghty on July 29th, 1907, converted five hundred (500) shares of Amalgamated Copper Company stock which was the property of the plaintiff to their own use." Judgment was entered upon the report of the referee for the amount of the damages found by him. An appeal was taken therefrom to the Appellate Division, where the judgment was modified and as modified affirmed. (*McIntyre* v. *Whitney*, 139 App. Div. 557.) An appeal was taken therefrom to this court where the judgment was affirmed. (*McIntyre* v. *Whitney*, 201 N. Y. 526.) Thereafter McIntyre presented to the assignee of said Whitney and Geraghty as partners and also as assignee of each of them individually, a claim

upon the judgments obtained in said action for conversion. The assignee refused to allow said claim against the individual estates, and also against the partnership estate except that as against the partnership estate he allowed the claim to the extent of the principal of the recovery with interest to the date of the assignment. The controversies arising from the rejection of said claim were submitted to the Appellate Division of the Supreme Court on an agreed statement of facts and judgment was thereafter entered establishing said claim as presented by McIntyre against said partnership estate and also against said individual estates, but ordered, adjudged and decreed that as against the individual estates of said partners said claim be disallowed by the assignee except to the extent that claims against the copartnership of Whitney & Kitchen are allowed under the terms of the individual assignments. (*Matter of Whitney & Kitchen*, 146 App. Div. 45.) This proceeding was commenced to finally settle the accounts of said assignee of said partnership and of said individuals composing such partnership respectively. On the report of the referee the court directed the distribution of the partnership assets among the partnership creditors ratably, and said McIntyre has been paid his ratable proportion of his claim with the other partnership creditors. The court also held that by the individual assignments of the partners respectively, the partnership creditors were given a preference by reason of the direction that they should share with the individual creditors in the distribution of the assigned estates respectively, and that said partnership creditors should share with the individual creditors ratably to the extent of one-third of the partnership assets in each individual assigned estate and that after the payment of one-third of said individual assets as so provided among the partnership and individual creditors, that the individual creditors be paid their claims in full from the remaining two-thirds of said individual assets respectively, and that the balance, if any, of said

assets be paid to the partnership creditors ratably to the extent of the amount then remaining due them. (*Matter of Dauchy*, 169 N. Y. 460.) The court refused to allow the claim of McIntyre as a claim against the individual assigned estate of Whitney except as stated. It is from such refusal to allow McIntyre to be included among the individual creditors of Whitney that this appeal is taken. The Appellate Division has affirmed the determination of the Special Term. (*Matter of Peck*, 150 App. Div. 922.)

The acts performed in the name of a partnership cannot ordinarily be considered apart from the persons composing it. A partnership is not like a corporation, which is a legal entity having certain rights and subject to defined liabilities. It has no independent existence. It has a name by which individuals conduct a joint business and in which their accounts as such are kept, and through which certain established equitable rights in marshaling assets are acquired. This court in *Jones* v. *Blun* (145 N. Y. 333), referring to a partnership, say: "It has been often pointed out that a partnership cannot properly be regarded as a legal entity separate and distinct from the several partners therein. For certain purposes this fiction may be very properly indulged. In keeping partnership accounts and in marshaling the assets of an insolvent or liquidating firm this is constantly done." (p. 341.)

In marshaling the joint assets of persons composing a partnership and the assets of the individuals composing such partnership it is well established in equity that the partnership assets must first be used in the payment of partnership liabilities and the individual assets in the payment of individual liabilities. An individual who is engaged in business with others as partners may become liable as one of such partners, and at the same time individually as distinguished from his liability by reason of his partnership relation. A frequent example and illustration of such liability arises where a partner becomes liable upon an instrument signed in the partnership name

and at the same time by his individual signature as a guarantor or surety thereon. In such case in the marshaling of assets the claim may exist for preference with the claims of other firm creditors from the firm assets, and at the same time with the other individual creditors from the individual assets of the person so liable. (*Matter of Gray*, 111 N. Y. 404.) The joint and several liability of partners arising out of the partnership relation is subject to the equitable rule in marshaling assets. Even the statutory provision declaring the liability of every general partner (Partnership Law, section 6) is not intended to abolish that rule. (*Leggat* v. *Leggat*, 79 App. Div. 141; affirmed on opinion below, 176 N. Y. 590.) Such rule does not prevent a partner by his individual contract subjecting his individual property in law and equity to payment of partnership debts.

In the case of *Morgan* v. *Skidmore* (3 Abb. N. C. 92) RAPALLO, J., speaking for this court said: "When a partner by his own act makes himself individually liable for a debt of his firm, whether by express contract or otherwise, the creditor is entitled to the full benefit of that obligation, in addition to the obligation of the firm. A creditor holding the joint obligation of a firm and also the separate obligation of one of the copartners as surety for the same debt, is entitled to payment out of the partnership assets in preference to the individual creditors of the partners; and if he fails to obtain payment out of those assets, he is entitled to preference over the other partnership creditors in a distribution of the separate estate of the individual partner. (*Wilder* v. *Keeler*, 3 Paige, 167, 176.) Such are the rules of marshaling the assets in equity where the separate obligation of the individual partner rests in contract, and therefore it is not a just ground of objection to compensation for a wrong, that it would result in a similar distribution. If it is equitable where the deceased partner has agreed to assume the individual obligation, it is equally equitable

where the law compels him to assume it, as a just compensation due to the party whom he has misled." (p. 111.)

The individual liability of a member of a partnership arising by operation of law through a tort for which the individual members of a partnership are liable is equally binding in equity upon the individual assets of such partner as if the individual liability had arisen from an express contract apart from the contractual relation arising from the partnership.

It is established by repeated decisions in this state that a tort for which the partnership is liable makes every member of the firm severally individually liable. Such liability is not dependent upon the personal wrong of the individual member of the partnership against which the liability is asserted. Such personal liability exists even if the wrong was committed by an employee. The test of the liability is based upon a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, the partners are liable as joint tort feasors.

In *Roberts* v. *Johnson* (58 N. Y. 613, 616) the action was brought against persons alleged to be the individual members of a partnership engaged as common carriers of passengers by omnibus or stage, for injuries alleged to have been sustained through the negligence of an employee of the firm in allowing the horses attached to one of the defendants' stages to start up when the plaintiff was about to enter the stage, causing her to be thrown down and injured. It appeared that one of the partners at the time of the alleged injury was not made a party defendant. The court say: "The nonjoinder of F. A. Palmer as a defendant was not set up in the answer. This, if such joinder was necessary, was a waiver of the objection (Code, sec. 148) but it was not necessary. The action was for tort. In such cases, the plaintiff may proceed against any one, all, or such number of the

wrong-doers as he may choose." (*Stroher* v. *Elting*, 97 N. Y. 102; *Creed* v. *Hartmann*, 29 N. Y. 591; *Champion* v. *Bostwick*, 18 Wend. 175; *Hutton* v. *Murphy*, 9 Misc. Rep. 151; *Castle* v. *Bullard*, 64 U. S. 172.)

In *Walker* v. *Anglo-American Mortgage & Trust Co.* (72 Hun, 334, 340) a partnership had organized the trust company and it was claimed that one of the individuals composing the partnership had made misrepresentations in promoting the enterprise. The court say: "The individual defendants, under their firm name, organized the Anglo-American Mortgage & Trust Company, and each partner is liable for the misrepresentations and concealments of the others, committed while engaged in promoting the enterprise." (*Dyett* v. *Hyman*, 129 N. Y. 351; *Chester* v. *Dickerson*, 54 N. Y. 1.)

In *Metcalf* v. *Robinson* (15 Weekly Digest, 294) the action was brought for conversion against a part of the members of a partnership. The complaint was dismissed on the ground that all of the members of the firm were not made parties defendant. Chief Judge CULLEN, then writing for the General Term of the Supreme Court for the reversal of the judgment of dismissal, said: "The rule that in all actions of tort all parties are jointly and severally liable is applicable to actions against partners." In a recent case in this court (*Downey* v. *Finucane*, 205 N. Y. 251), brought against a part of the persons interested in the promotion of certain corporations, it was held that where there are a number of promoters, all coadventurers, they are liable in damages for the fraud of an agent employed by them to effect a sale of corporate securities without reference to their own moral guilt or innocence. For every injury happening by reason of neglect to perform a duty a person is liable as for a tort, and this is so whether the act or omission causing it was due to his personal neglect or the neglect of an agent employed by him and whether there were one or more parties concerned as operators or employers can

make no difference. The liability is several as well as joint. (*Kain* v. *Smith*, 80 N. Y. 458, 468.)

In Shumaker on the Law of Partnership it is said that the liability of partners for loss occasioned by any wrongful act or omission or for misapplication of money or property for which the firm is liable is joint and several. (Section 115, page 320.) (Story on Partnership, sections 108, 131; 30 Cyc. 566; 22 Am. & Eng. Ency. of Law, 171; Collier on Partnership [6th ed.], section 449; Lindley on Partnership [5th ed.] 198–283.)

The case of *Matter of Blackford* (35 App. Div. 330) requires consideration in this opinion because of its importance as an authority, and especially because the appellant and respondent each relies upon it to support his contention. In that case it appears that a judgment had been obtained in an action for a tort brought against the individuals composing a partnership of which the appellant's testator was one. The tort arose from the detention of personal property by reason of an alleged lien. The defendants were unable to establish such lien, and it was held that they were chargeable with duress of property. (*Lockwood* v. *Bartlett*, 130 N. Y. 340, 352.) An assignee of the judgment obtained in that action applied for an order directing the executrix of the deceased partner to pay the amount of the judgment. The application was resisted by the executrix on the claim that her testator's estate was insufficient to pay all its liabilities, and that the judgment of the petitioner being a firm obligation was not entitled to payment until after the individual creditors of the deceased had been satisfied. An order was made granting the application, and an appeal was taken therefrom to the Appellate Division. The court in Appellate Division say: "The action in which petitioner's judgment was recovered was held by the Court of Appeals to be in tort. *Therefore, though it arose out of partnership transactions, the liability of the parties was joint and several. Until the*

*recovery of the judgment the plaintiffs might have sued the defendants separately.* In case they had taken such a course, it is not denied that any judgment recovered against an individual partner would have been entitled to payment out of his individual estate. But it is claimed that the plaintiffs were put to their election to proceed against the partners either individually or jointly, and that when an election was made to sue the parties jointly, plaintiffs lost their rights as creditors of the several parties individually. * * * It does not necessarily follow that, because a judgment is recovered against several parties in the same action, plaintiff ceases to be a creditor of the parties individually. It is unquestionable that we may look into the record so as to see if one of the parties is principal and the other merely surety; and that, if they sustain such relations, the plaintiff is a creditor of the individual estate of each." (p. 331.)

After a further consideration of the subject the court say: "We are, therefore, of opinion that in this state, where a liability is both joint and several, the creditor has the right to enforce both liabilities. * * * Nor do we see that the liability of joint tort feasors is different from that of parties to a contract by which, under its express terms, they become jointly and severally bound." (p. 333.)

Our quotations from the *Blackford* case show that it is in accord with the other authorities cited, and an authority for the appellant's contention. A different view of what is decided by that case is taken by the respondent and also by the Appellate Division in its opinions herein. Such different view arises from the following language of the opinion, namely: "The principle on which equity founds the rule that joint creditors must look to the joint estate and individual creditors to the separate estate of partners is that the joint creditors have extended credit on the faith of the firm property and the individual creditors on the faith of the separate estates of the partners. This reasoning certainly does not obtain

in a case like the present in which there was no contractual relation between the parties and the act of the defendant was a tort pure and simple."

We do not interpret the language last quoted to mean that the reasoning referred to applies in the case of any tort or that a distinction was intended to be made between a claim *upon* a tort arising from the personal wrong of the person proceeded against and a claim upon a tort for which a partner is liable growing out of the partnership relation. The distinction intended to be made is simply between claims enforced as upon contract growing out of a contractual relation and a claim growing out of such relation or otherwise enforced as a tort.

A separate and independent personal liability exists as against individual assets in every case where an action can be maintained on contract or for tort against such individual without joining with him the other persons composing the partnership or interested in the joint venture. The interpretation of the language of that opinion by the writer is emphasized by reason of the approval of the views herein expressed by the chief judge of this court, who, while in the Appellate Division, wrote the opinion in *Matter of Blackford*.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division to appellant, and the final decree entered at the Special Term should be modified by directing the allowance and payment of appellant's claim as an individual claim against the estate of Girard N. Whitney and as so modified said final decree should be affirmed.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK and COLLIN, JJ., concur; WILLARD BARTLETT, J., absent.

Ordered accordingly.