### PRAIRIE OIL & GAS CO. v. SHANBLUM et al.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1923. Rehearing Denied December 24, 1923.)

No. 4107.

1. **Partnership ⊜153(1)—Partner not liable for tortious acts of copartner, not within reasonable scope of partnership business.**

   A necessary foundation for the liability of partners for the tortious acts of a copartner is that the act shall be done in the line of, or reasonable scope of, the partnership business.

2. **Partnership ⊜128—To buy or sell does not include dealing in stolen property.**

   A partnership to buy and sell property does not include within its scope the dealing in property known to have been stolen.

3. **Partnership ⊜153(1)—Partners held not liable for stolen property bought and sold by copartners without their knowledge.**

   Defendants, members of a partnership formed, inter alia, to buy and sell used oil-well supplies, *held* not liable for the value of casing stolen from plaintiff, which, without their knowledge, was bought and sold in the name of the partnership, but for their own benefit, by their copartners, who knew it to have been stolen.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action at law by the Prairie Oil & Gas Company against Louis F. Shanblum and William L. Wilson. Judgment for defendants, and plaintiff brings error. Affirmed.

Wm. J. Berne, of Fort Worth, Tex., for plaintiff in error.

Mike E. Smith, of Fort Worth, Tex. (Slay, Simon & Smith, of Fort Worth, Tex., on the brief), for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the plaintiff in error (herein called plaintiff) against the defendants in error, Louis F. Shanblum and William L. Wilson (herein called defendants), to recover the alleged value of described casing alleged to have been converted by the defendants in the course of business of the Ranger Pipe & Supply Company, which was alleged to be a partnership composed of defendants and Ike Barris and Sam Figenholtz. The averments of the petition were put in issue. There was evidence tending to prove the following:

In May, 1919, defendants and Barris and Figenholtz by written agreement formed a partnership to carry on at Ranger, Eastland county, Tex., the business of buying and selling secondhand usable oil-well supplies and to cut and thread pipe. By the terms of the agreement defendants were to furnish the working capital, and Barris and Figenholz were to devote their entire time and attention to the conduct of the business, and, during the life of the partnership, were not to engage in any other business. While the partnership was in existence, Barris and Figenholtz, in the name of the partnership, but for their own use and benefit, and without the knowledge, consent, or acquiescence of the defendants, or either of them, bought and disposed of a lot of used casing belonging to plaintiff, which they (Barris and Figenholtz) previously having encouraged or abetted the theft, then knew had been stolen from plaintiff. Defendants did not ratify or approve that conduct of Barris and Figenholtz, and were not benefited thereby.

[1, 2] The plaintiff excepted to the court's refusal to give requested charges instructing the jury to find in favor of the plaintiff, and to parts of the charge given by the court to the jury. The theory on which rulings of the court are complained of is that, the partnership having been formed for purposes including the buying and selling of used or secondhand casing, the above-described buying and disposition of plaintiff's casing had the effect of making the defendants liable, though the defendants never contemplated any partnership dealing in property known to be stolen, and such acquisition and disposition of the plaintiff's casing were not in the ordinary course of the business, for the carrying on of which the partnership was created and existed. That theory is untenable. A necessary foundation for the liability of partners for the tortious act of a copartner is that the act shall be done in the line or reasonable scope of the copartnership business; a partner not being liable for an injury resulting from an unauthorized and un-

ratified willful or negligent act of a copartner committed outside of the agency or common business. Matter of Peck, 206 N. Y. 55, 99 N. E. 258, 41 L. R. A. (N. S.) 1223, Ann. Cas. 1914A, 798; Page v. Citizens' Banking Co., 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463, 78 Am. St. Rep. 144; 20 R. C. L. 914; 30 Cyc. 526.

[3] The fact that the acquisition of or dealing in property known to be stolen was wholly foreign to and beyond the scope of the agency created by the defendants by their entering into the partnership, and participating in the partnership business agreed to be carried on, was enough to keep them from being liable for the acts in question of Barris and Figenholtz committed under the circumstances indicated by the above mentioned phase of the evidence. The conclusion is that no ruling of the court which is complained of involved reversible error.

The judgment is affirmed.

---

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

