In the Matter of the Judicial Settlement of the Account of Pro-
ceedings of WILLIAM A. KNAPP, as Sole Surviving Executor of
the Last Will and Testament of DANIEL E. SEYBEL, Deceased.

Surrogate's Court, Westchester County, January 15, 1925.

Executors and administrators — claims against estate — testator was
member of partnership — part of claims are on contract and part arise
out of torts committed by testator, by his partners, and by partner-
ship — partners are individually liable for torts of partnership — both
contract and tort claims must be paid pro rata — claimants may assert
full claims and need not deduct dividends paid by partnership.

The individual members of a partnership are personally liable for torts committed
by the partnership or members of the firm and, therefore, the contract claims
against the estate of a deceased partner and tort claims arising out of ·mis-
appropriation of trust funds by the testator, by his partners and by the firm
of which he was a member, are of equal rank and should be paid *pro rata* from
the assets of the decedent's estate.

The claimants may present their claims in full without deducting therefrom the
dividends they have received from the firm assets or payments received from
other sources. But no claimant shall receive more than the full amount of
his claim.

Interest should not be allowed upon any claim against the estate.

PROCEEDING for settlement of account of executor, involving
distribution of assets among different classes of creditors.

*Charles S. Fettretch*, for the executor.

*Winthrop & Stimson; Bleecker & Tuckerman; Gescheidt & Gillette;
Laughlin, Gerard, Bowers & Halpin; Spencer, Ordway & Wierum;
Frueauff, Robinson & Sloan; C. Bertram Plante; Martin J. Bevans;
Reynolds, Richards, McCutcheon & Logan; McGuire, Horner &
Smith; Harris & Towne; Petersen, Steiner & Kohan; George P.
Nicholson* and *James A. Nolan, Jr.*, for the claimants.

Surrogate's Court, Westchester County, January, 1925.     [Vol. 124

SLATER, S.:

The questions involved herein relate to the distribution of the assets among the different kinds of creditors. There are claims arising from services performed at the request of, and for merchandise purchased by the decedent during his lifetime. In other words, contract claims. And there are many tort claims, arising out of misappropriation of trust funds by the deceased, by his partners, and by the firm of which he was a member.

The first question to be considered is whether or not any creditor, or group of creditors has any right to have his claim satisfied before the claims of any other creditor, or group of creditors, are satisfied. The general rule for the settlement of insolvent estates that individual creditors shall be first paid from the assets of the estate, and partnership creditors from partnership assets, and if the latter do not receive payment in full, they may then proceed against the balance of the assets of the estate of the deceased partner remaining after payment of his individual creditors in full, cannot be applied to the instant case, because the tort claims are individual claims against the decedent's estate. (*Matter of Peck*, 206 N. Y. 55.)

" The individual liability of a member of a partnership arising by operation of law through a tort for which the individual members of a partnership are liable is equally binding in equity upon the individual assets of such partner as if the individual liability had arisen from an expressed contract apart from the contractual relation arising from the partnership. It is established by repeated decisions in this state that a tort for which a partnership is liable, makes every member of the firm severally individually liable." (*Matter of Peck*, 206 N. Y. 55, 62.)

The individual claims against the estate should not be preferred over tort claims against the estate, or against the partnership, but they must all be taken together and considered as claims against the funds in the hands of the executors and take their *pro rata* share of the estate assets.

The next question relates to whether the amount of the dividends heretofore paid from firm assets to certain claimants should be deducted from those claims which had been reduced, or whether the claimant is entitled to put in his whole claim without deduction and receive dividends upon it from the assets of this estate. The cases of *Evartson* v. *Booth* (19 Johns. 486); *People* v. *Remington* (121 N. Y. 328); *McGrath* v. *Carnegie Trust Company* (221 id. 92); *People* v. *Granite State Provident Assn.* (161 id. 492); *Matter of Simpson* (36 App. Div. 552; affd., 158 N. Y. 720) hold that the preponderance of authority is in favor of the view that the creditor has the right to prove and have dividends upon his entire debt.

As against this proposition, we have the case of *Sawyer, Wallace & Co.* (33 App. Div. 300, 306) which decides that if the creditor holds securities, the amount realized upon the securities shall be applied upon his debt, that operates as a payment of his debt to that extent, and the debt is necessarily diminished by the amount received.

I am of the opinion that dividends coming from other sources should not be credited upon the amount of the tort claim as against the decedent's estate. That there is no difference in law between a claim arising upon contract and a claim arising by operation of law from a tort, which is equally binding in equity upon the individual assets, is the principle laid down in *Matter of Peck (supra)* and in *McGrath* v. *Carnegie Trust Company (supra)* which should control in this decision.

To call the instant case one of marshaling of assets is erroneous. The court only has control over the estate assets, and lacks supervision of the funds of the other partners, or of the firm of which the decedent was a member. The doctrine of marshaling of assets cannot be applied because the debtor estate has control of only one fund. If there is no difference in the individual liability between a tort claim and a contract claim, the contract must be kept and the tort claim must be paid. The court has no concern with the payments made by others. No claimant shall receive more than the full amount of his claim. In the instant case the estate of the decedent falls far short of the amounts due the claimants, even with contributions from other sources.

We come now to the contention regarding the claim of Carrie J. Fulton et al., as executors of Elizabeth A. Courtor, and of Alexander M. Welsh, as substituted trustee for Mary D. Crane. The amount of the claim due and which is allowed to the Courtor estate is $24,879.52. This figure is made up of the two judgments, less interest which was included in the judgments.

With regard to the claim of the Crane estate, it appears that there is pending litigation in New York county. Consequently, this claim will have to await a later determination by this court.

No interest is allowed upon any claim against the estate.

Proceed accordingly and present decree upon notice to all attorneys appearing.