Nellie J. Wadsworth, Plaintiff, v. John B. Webster and Another, Copartners Doing Business under the Firm Name and Style of " Central Garage," and Another, Defendants.

Supreme Court, Cortland County, May 14, 1932.

Bond, Schoeneck & King [Hubert Stratton of counsel], for defendants John B. Webster and Percy J. Wadsworth, for the motion.

Lusk, Buck, Ames & Coon [Clayton R. Lusk of counsel], in opposition.

LEWIS, EDMUND H., J. A wife claims to have been injured through the negligent operation by her husband of an automobile in which she was a passenger. The automobile was then owned by the defendant copartnership of which her husband was a member.

The defendant copartners move to dismiss the complaint under rule 109 upon the ground that, as to the copartnership, it fails to state facts sufficient to constitute a cause of action.

The question is, therefore, presented: Is there legal sanction for a tort action by a wife against a copartnership of which her husband is a member where the wife's complaint alleges that her injuries resulted from the negligent operation by her husband of an automobile owned by the partnership?

It appears from the complaint that the defendant John B. Webster and plaintiff's husband, Percy J. Wadsworth, at the time of the accident were members of a copartnership conducting an automobile business in Cortland, N. Y., under the firm name and style of "Central Garage." On the 26th day of July, 1931, while the plaintiff was a passenger in an automobile owned by said copartnership and then driven by her husband, the defendant Percy J. Wadsworth, a collision occurred with an automobile then owned and operated by the defendant Pauline Scott.

Under the common law a wife could not maintain an action against a husband for personal injuries whether negligent or willful. This disability was reciprocal in its nature and affects the man as well as the woman; it was based upon the common-law doctrine of the merger of their beings in the unity of marriage. (Schubert v. Schubert Wagon Company, 249 N. Y. 253; Allen v. Allen, 246 id. 571; Thompson v. Thompson, 218 U. S. 611; Schultz v. Schultz, 89 N. Y. 644.) Notwithstanding the provisions of section 57 of the Domestic Relations Law this rule still prevails. (Allen v. Allen, supra.)

In this State " the disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master." (*Schubert* v. *Schubert Wagon Company, supra.*) In the case last cited Chief Judge CARDOZO stated (p. 256): " Illegality established, liability ensues. The defendant, to make out a defense, is thus driven to maintain that the act, however negligent, was none the less lawful because committed by a husband upon the person of his wife. This is to pervert the meaning and effect of the disability that has its origin in marital identity. A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished, but whether criminal or not, unlawful it remains. As well might one argue that an employer commanding a husband to commit a battery on a wife, might justify the command by the victim's disability. The employer must answer for the damage whether there is a trespass by direct command or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another acts by himself."

The rule in the *Schubert* case related to the liability of a corporation whose servant, the plaintiff's husband, negligently injured his wife while driving the corporation's car. In that case the master and owner was a corporation which is a separate legal entity. In the case at bar the owner of the car was a copartnership which the Court of Appeals of this State has ruled " is not like a corporation, which is a legal entity having certain rights and subject to defined liabilities. It has no independent existence. It has a name by which individuals conduct a joint business and in which their accounts as such are kept, and through which certain established equitable rights in marshaling assets are acquired." (*Matter of Peck*, 206 N. Y. 55, 60.)

With this legal concept of a copartnership in mind attention is turned to the provision of the Partnership Law which definitely fixes the conditions under which liability attaches to a copartnership for a wrongful act of one partner.

" § 24. Partnership bound by partner's wrongful act. Where, by any wrongful act or omission of any partner *acting in the ordinary course of the business of the partnership, or with the authority of his copartners,* loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is

liable therefor *to the same extent as the partner so acting or omitting to act."*

The wrongful act must have been committed by one partner " in the ordinary course of the business of the partnership, or with the authority of his copartners, * * *." But of greater significance to the question before the court upon this motion, " the partnership is liable therefor *to the same extent as the partner so acting* * * *."

It follows from this statutory limitation that as Percy J. Wadsworth could not be legally liable for negligently injuring the plaintiff, who is his wife, the defendant copartnership cannot be subject to any greater liability for plaintiff's injuries.

The motion for a dismissal of the complaint as to the defendant copartnership is granted, with ten dollars motion costs. Order accordingly.