## BUCKNER v. LLOYDS INS. CO. OF AMERICA et al.

### No. 8463.

Court of Civil Appeals of Texas. Austin.

Oct. 21, 1936.

Rehearing Denied Dec. 2, 1936.

Randolph L. Carter, of San Antonio, Joseph Cocke, of Austin, and Jas. B. & Chas. J. Stubbs, of Galveston, for appellant.

Johnson, Rogers & Slatton, of San Antonio, for receiver, James F. Gray.

BLAIR, Justice.

This litigation arose as follows:

Appellant Bessie Buckner filed three separate claims with the New York liquidator of Lloyds Insurance Company of America, who referred them to the Texas ancillary receiver of said company. The Texas receiver approved claim No. 71–a for $10,000, but rejected claims Nos. 72 and 73. The master appointed by the court also approved claim No. 71–a, but rejected claims Nos. 72 and 73. The trial court affirmed the ruling of the master; hence this appeal.

The three claims asserted by appellant arose as follows:

(1) Appellant procured a final judgment, jointly and severally, against A. L. Giusti and his wife, and Lloyds Casualty Company and others, for $10,000, the judgment providing that the recovery against Lloyds Casualty Company should be only $5,000, being the amount of its surety obligation. This judgment of $5,000 against Lloyds Casualty Company constituted claim No. 72.

(2) Giusti and wife appealed from the $10,000 judgment against them and filed their supersedeas bond with the Detroit

Fidelity & Surety Company as surety, and upon affirmance of the judgment by the appellate court, judgment for $10,000 was entered in favor of appellant against said Detroit Fidelity & Surety Company as such surety. This constituted claim No. 71–a.

(3) The Lloyds Casualty Company appealed from the $5,000 judgment against it and gave a supersedeas bond with Detroit Fidelity & Surety Company as surety, and upon the affirmance of the judgment by the appellate court judgment for $5,000 was entered in favor of appellant against said Detroit Fidelity & Surety Company as such surety. This constituted claim No. 73.

On August 18, 1932, Lloyds' Casualty Company, Detroit Fidelity & Surety Company, and Constitutional Indemnity Company of Philadelphia, three separate corporations, merged with each other to form the Lloyds Insurance Company of America, and by the terms of the merger agreement the continuing corporation took over all the assets of each of the companies and assumed all the liabilities and obligations of the three concerns. The Texas assets of the said Lloyds Insurance Company are being administered in this ancillary receivership.

On the above agreed facts the master and the court allowed appellant to prove her claim No. 71–a for $10,000 as a bond claim, and disallowed her claims Nos. 72 and 73, upon the ground that they constituted duplications of claim No. 71–a.

Appellant contends that the peculiar facts bring her case within the rule allowing "double proof" of a claim where the obligations of the several parties owing the claim are joint and several. Appellant insists "that to begin with, the $10,000 obligation of Detroit Fidelity & Surety Company, as surety on the Giusti supersedeas bond is several, separate and distinct from the obligation held by claimant against Lloyds Casualty Company on the $5,000 primary judgment against it and is also separate and distinct from the $5,000 obligation of Detroit Fidelity & Surety Company as surety on the supersedeas bond of Lloyds Casualty Company"; and that under these facts she is entitled, in addition to proving her $5,000 primary judgment against the Lloyds Casualty Company, to make proof also of her $10,000 judgment against the Detroit Fidelity & Surety Company as surety on the supersedeas bond of the Giustis, and also its $5,000 surety obligation on the supersedeas bond of

Lloyds Casualty Company, making a total of $20,000 upon which she is entitled to receive full dividends until the full debt of $10,000 with interest has been paid, at which time dividends should cease.

We have reached the conclusion that the master and the trial court correctly allowed appellant to prove her claim for $10,000, the entire amount of her debt with interest, and to participate in all of the assets of the consolidated Lloyds Insurance Company ratably, or until her entire indebtedness was paid in full. Thus she was permitted to prove her full claim against both the assets of the Detroit Fidelity & Surety and the Lloyds Casualty Company, and although she had no right to the assets of the Constitutional Indemnity Company, she actually participated in them because of the merger of the three companies into the company in receivership. Appellant made no effort to trace the assets of the respective corporations into the consolidated company. She could not have prevented the merger, and lost nothing by it. If the consolidation had not taken place, appellant would have proceeded against Lloyds Casualty Company on its primary surety judgment for $5,000. When this was collected she could then have proceeded against the Detroit Fidelity & Surety Company on either of its supersedeas bond judgments, but only to the extent of $5,000; because her entire indebtedness was for only $10,000. Appellant therefore lost nothing by the merger agreement, but was allowed to prove her entire debt and to participate in the consolidated assets of the two companies who were liable only as sureties for her debt. It is true that there was a consolidation and that the consolidating companies were surety for each other and for the primary debtors, but the fact remains that appellant has only one claim for $10,000 and when that is paid the liability of both surety companies to her is satisfied. So it is manifest that since all the surety companies have consolidated their assets and since appellant has been allowed to prove her entire debt and has been permitted to participate in all dividends which will be declared on such consolidated assets, she will share in a ratable or equitable distribution of the bankrupt's estate along with other creditors.

Nor is appellant's position entirely analogous to that of a partnership, where certain classes of claims, though primarily partnership debts for which partners are

liable, are also enforceable against such of the partners who have also by indorsement or surety agreement become individually liable for the partnership debts. In re Peck, 206 N.Y. 55, 99 N.E. 258, 41 L.R.A. (N.S.) 1223, Ann.Cas.1914D, 798. In such situation courts in some jurisdictions have allowed what is termed "double proof" where both the partnership's and the partner's estates are brought into the bankruptcy proceedings. But the two surety companies are not primarily liable for appellant's debt. They are only surety therefor, with the original primary obligation, as between the sureties, on the part of one of them to pay $5,000 of such surety obligation, which payment would as between appellant and the other surety extinguish one-half of the latter's surety obligation. No Texas case is cited by appellant in support of this contention. The cases cited furnish no analogy because the liability of the bankrupt under the consolidation agreement is only that of a surety for the amount of the principal debt.

But if it should be conceded that appellant stands somewhat in the position of a person holding a claim against a partnership with the individual partners liable as sureties for the claim, then the allowance of the entire claim with the right to participate in all of the assets of the partnership and the individual members thereof, as was done by the trial court, would more nearly comply with the rule urged by appellant than would be the case if she were allowed to make "double proof" of her claim against such consolidated assets. In other words, if because of the merger of these corporations appellant may regard them as a partnership with the several companies constituting the individual members of such partnership, and with the assets of the partnership and all the individual members consolidated into one fund, the permission given appellant to prove her entire claim and to participate to that extent in all such consolidated assets of the partnership and its members was tantamount to permitting her to prove her entire claim as against the partnership and likewise as against the individual members thereof. In any event, such was an equitable distribution of the consolidated assets of the surety companies, and especially so since appellant did not attempt to trace the different assets of the companies into the consolidated fund.

Appellant further contends that because of the consolidation and because of the fact that the surety companies are surety for each other, she would have to prove her separate claim against each of them in order that she might be fully protected in her right; and that in such situation she stands in the position of one holding several separate judgments as collateral security for her debt. Appellant therefore contends that she is in an analogous position to a debtor holding collateral security, who under the chancery rule would be entitled to prove the entire debt and receive dividends thereon until such dividends added to the amount of the pledged security would be equal to or satisfy the debt. We do not agree that the position of appellant is analogous to the position of one holding collateral security not a part of the bankrupt estate, but even so, the chancery rule of distribution does not apply in Texas. Our courts have adopted the bankruptcy rule of distribution, which allows a claimant to prove his claim and receive dividends only on the balance of his debt after deducting the amount of the pledged security. Denson v. Shaw (Tex.Civ.App.) 62 S.W.(2d) 344, writ refused. As pointed out in the Denson Case, our courts have made the effort to make a ratable or equitable distribution of the estates of bankrupts, and to avoid the granting of any preference as between creditors. To grant appellant the right to prove for double the amount of her actual debt would necessarily grant her a preference over other creditors of the same class.

The judgment of the trial court will be affirmed.

Affirmed.

### On Motion for Rehearing.

In the interest of accuracy, we find that the primary judgment against Lloyds Casualty Company for $5,000 was not on a surety obligation, but on an insurance policy. The fact, however, is not material because in any event appellant's claim was for only $10,000, and she was permitted to prove her claim for that amount against the consolidated assets of the merged companies.

The motion will be overruled.

Overruled.